**Carl Douglas HAYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0569–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 8, 1986.

Gerald B. Scheve, Houston, for appellant.

John B. Holmes, Dist. Atty., J. Harvey Hudson, Robin Brown, Asst. Dist. Attys., for appellee.

Before COHEN, SAM BASS and HOYT, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of aggravated robbery. The trial court assessed his punishment at life in prison and a $10,000 fine. In two grounds of error, appellant contends that: (1) the trial court abused its discretion in assessing punishment by considering appellant's exercise of his right to access to the courts for redress of injury and other factors outside the record; and (2) the trial court abused its discretion in denying a new trial, based upon newly discovered evidence. We affirm.

During the punishment hearing, the judge stated:

It also came to my attention during the trial of this case that you filed a Federal

writ over the proceedings in this State court and there was a State writ filed and even a grievance filed against a very good attorney in this case.

...[A]nd it came to my attention after the trial that your attitude was such that the Court Coordinator's husband felt compelled to accompany the Bailiff to the jail so there could be a witness in case some trouble broke out.

After that trial, at least one or more jurors approached me indicating that they were afraid not only of you but of your family because they lived out somewhere near by where you lived.

■ A trial court's assessment of punishment generally will not be disturbed on appeal if it is within the statutory limits. *Nunez v. State*, 565 S.W.2d 536, 538 (Tex. Crim.App.1978) (en banc). While the appellate court will not review the length of a statutorily permissible sentence, it will review the process by which the particular punishment was determined. *United States v. Cavazos*, 530 F.2d 4, 5 (5th Cir. 1976); *see Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App.1984) (en banc).

Appellant argues both that the trial court considered circumstances beyond the permissible areas provided in Tex. Code Crim.P.Ann. art. 37.07, § 3(d) (Vernon Supp.1986), and that the trial court penalized him for seeking judicial redress of injuries. Article 37.07, § 3(d) allows the trial court to consider an investigative report along with evidence allowed by art. 37.07, § 3(a) regarding the defendant's prior criminal record, his general reputation, and his character. Texas Code of Criminal Procedure art. 42.12, § 4(a)[1] provides that the investigative report may contain the circumstances of the offense and the defendant's criminal record, social history, and present condition.

Appellant was 30 years old at the time of trial. The court recounted appellant's criminal and social history, beginning with his conviction for auto theft at the age of 15. After that, he was implicated in two drug cases, two disorderly conduct cases (one with a firearm), three armed robberies, an aggravated assault, and a burglary of a habitation. Appellant received three five-year sentences in Alaska, but apparently served only two years there. He was later granted probation in Texas, but had that revoked and served five years in a Texas prison. After the present offense, he was implicated in yet another aggravated robbery. The court said it was aware of and observed appellant's "poor, aggressive, and belligerent attitude during trial." The court stated that appellant was not charged with capital murder only because he was a poor shot, a circumstance that constituted no ground for leniency.

■ A defendant's legitimate resort to legal redress in the courts is not to be considered in determining his punishment. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The State argues that the filing of frivolous pro se writs demonstrates a disrespect for the law and a lack of remorse. The record, however, does not disclose whether appellant's writs were either pro se or frivolous. Furthermore, a defendant's punishment should not be affected by the fact that his family is feared in the community. If the trial judge considered these facts against appellant, he erred, but the error, if any, does not require reversal.

■ Appellant never claimed that the facts mentioned by the court were false and never objected to the court's consideration of improper evidence. Neither did he ask for more time to rebut matters outside the investigative report. He made no motion to disqualify the judge or to question the judge. *See* Tex.Code Crim.P.Ann. art. 38.13 (Vernon 1979). We hold that this waived any error.

Appellant's first ground of error is overruled.

---

1. As enacted by ch. 303, § 9, 1983 Tex.Gen.Laws 1568, 1587. Article 42.12, § 4, as enacted by ch. 343, § 1, 1983 Tex.Gen.Laws 1790, was held invalid in *State ex. rel. Turner v. McDonald*, 676 S.W.2d 375, 379 (Tex.Crim.App.1984) (en banc).

Appellant next contends that it was error to deny him a new trial, based upon newly discovered evidence. At the hearing on the motion for new trial, Oliver Green testified that he called appellant's attorney, Gerald Scheve, and that Scheve later visited him in jail. Claiming the fifth amendment, Green refused to testify about his conversations with Scheve or his involvement in the present case. Scheve testified that Green had confessed to him committing the robbery for which appellant was convicted and that Green was so familiar with the facts of the case that he must have been guilty.

To obtain a new trial based on newly discovered evidence, the new evidence must be admissible, it must probably be true, and it must be likely to cause a different result on retrial. *Eddlemon v. State,* 591 S.W.2d 847, 849 (Tex.Crim.App. 1979). A witness like Green, who refuses to testify and cannot be required to do so, cannot furnish such evidence. Scheve's testimony is inadmissible hearsay.

Appellant correctly argues that a witness loses the privilege against self-incrimination after he has been convicted or acquitted of the same offense, but nothing indicates that Green has been. Appellant argues that Green may change his mind and waive his right to remain silent or that the State's witnesses might identify Green as the actual robber. However, he produced no evidence at the hearing that these events had occurred. New trials are not granted upon a showing that new evidence might become available at some unstated future time. *Compare Whitmore v. State,* 570 S.W.2d 889 (Tex.Crim.App.1976) (op. on reh'g).

Appellant's second ground of error is overruled.

The judgment is affirmed.