**Carl Nicholas GERHARDT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–95–002CR.**

Court of Appeals of Texas, Beaumont.

Submitted Oct. 3, 1996.

Decided Nov. 20, 1996.

---

Gary Noble, Dallas, for appellant.

Clyde M. Herrington, District Attorney, Art Bauereiss, Asst. District Attorney, Lufkin, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

A jury convicted Carl Nicholas Gerhardt of indecency with a child. The trial judge assessed punishment at seventeen years' confinement in the Texas Department of Criminal Justice—Institutional Division. Gerhardt raises five points of error. We will discuss the points in chronological order, except the insufficient evidence point.

Point of error three alleges the evidence is insufficient in that the State failed to prove the requisite intent, that is, that Gerhardt acted with the intent to arouse or gratify his sexual desire. The standard of review of the sufficiency of the evidence is whether, viewing all of the evidence in the light most

favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime charged. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard is applicable to both direct and circumstantial evidence cases. *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim. App.1991).

The jury is the trier of fact, the sole judge of the credibility of the witnesses and the weight given their testimony. TEX.CODE CRIM. PROC. ANN. § 38.04 (Vernon 1979). The jury may accept or reject all or any part of the testimony. *Penagraph v. State,* 623 S.W.2d 341 (Tex.Crim.App.1981). Contradictions in the evidence are reconciled by the jury and will not result in reversal so long as there is enough credible testimony to support the verdict. *Bowden v. State,* 628 S.W.2d 782 (Tex.Crim.App.1982).

The requisite specific intent to arouse or gratify the sexual desire of a person can be inferred from conduct, remarks or all the surrounding circumstances. *McKenzie v. State,* 617 S.W.2d 211, 216 (Tex.Crim.App. 1981). An oral expression of intent is not required. *C.F. v. State,* 897 S.W.2d 464, 472 (Tex.App.—El Paso 1995, no pet.). The conduct alone is sufficient to infer intent. *Id.*

The victim's[1] mother worked the "graveyard" shift and would occasionally leave M.D and her sister at Gerhardt's residence at night. M.D. testified that July 11, 1993, was such an occasion. M.D. testified shortly after she and her sister arrived at Gerhardt's residence he asked her for a kiss and a hug. She gave him a hug and when she did he put his hands on her "butt" and started touching her "butt," which made her feel uncomfortable. About 9:00 p.m. the girls went upstairs to go to sleep and M.D. changed into a nightgown. The sisters got into the same bed and began "tickling each other's back." Sometime later Gerhardt came to the girls' room and asked M.D. to come downstairs. M.D. testified when she got downstairs, Gerhardt would "feel up on my legs under my nightgown." M.D. was given a doll and demonstrated where Gerhardt would place his hands. She testified his hands touched her breasts three times and it frightened her. He did not say anything or try to kiss her. On July 13, 1993, M.D. told her mother about the episode. M.D. was ten years old, and in the fifth grade, at the time of the offense.

M.D.'s mother verified M.D.'s account of going to Gerhardt's on the evening of July 11, 1993. The mother testified that on July 13, 1993, she was getting ready for work, the girls were to go to Gerhardt's, when the sisters burst into her bedroom and M.D. began to tell her what had happened on July 11. She testified M.D. said Gerhardt touched her breasts, stomach and "the pubic hair area." Upon learning this, the mother made other baby-sitting arrangements.

M.D.'s younger sister, a third grader, testified M.D. and her went upstairs to bed. Later, Gerhardt called M.D. downstairs. The sister saw Gerhardt rubbing M.D.'s legs and hugging her.

Gerhardt's wife testified the sisters came to her home in their nightclothes, M.D. went over to Gerhardt and told him she had shaved her legs for the first time and asked him to feel her leg. Shortly thereafter, the sisters went to bed upstairs. Mrs. Gerhardt checked on the girls and both appeared to be asleep. The Gerhardts went to bed and, according to Mrs. Gerhardt, her husband did not get out of bed until morning.

Gerhardt testified along the same lines as his wife, confirming the sisters went to bed, then he went to bed and did not get up until morning.[2] He denied any contact with M.D. after the sisters had gone to bed. Gerhardt was asked if he had heard his wife testify about the leg shaving incident. He said he had. He was then asked: "assume that happened, really happened that way, that would never, ever justify an adult male stroking her

---

1. Although the indictment referred to the victim as Mary Doe, she was identified during the trial. However, we will refer to her as M.D.

2. For what ever reason, Gerhardt was never asked, on direct or cross-examination, about the specific alleged conduct. Consequently, he made no explicit denial.

breasts, would it?" He answered: "No, it wouldn't."

This case turns upon the credibility of the witnesses. Gerhardt's defense was: it did not happen. It is not a case where Gerhardt admitted some touching, but asserted it was an innocent or justified touching, rather than a lascivious one. Obviously the jury, as was their prerogative, decided the credibility issue in favor of the victim and against Gerhardt. Having determined the conduct existed, the jury could have inferred the requisite intent. Point of error number three is overruled.

■ Point of error four alleges the trial court erred in not granting a mistrial "when it became apparent that the jury was improperly impaneled." The facts about this incident, although sketchy, are not in dispute. After impaneling the jury and during testimony the trial judge advised the parties it was brought to the court's attention by the bailiff that a juror, Thomas Norman Terry, mentioned he was not Thomas Norman Terry, Jr., the person summoned. The court noted the master summons list showed the Thomas Norman Terry summoned was born in July of 1962, while the juror information sheet showed the Terry Norman Thomas who appeared was fifty-eight years old, thus born in 1937 or 1938. The court stated "... it appears to me that we have three alternatives to consider; one, is that any error be waived; two, that we excuse this one juror; and three, declare a mistrial." The court then observed Mr. Terry, Sr. appeared was qualified and the only issue was his not being one of the persons summoned. The State's position was the trial should proceed with the twelve jurors or, alternatively, the juror should be excused. Gerhardt moved for a mistrial. The trial court recessed to research the issue, then returned and denied the motion.

Gerhardt cites no authorities other than those dealing with the right to trial by jury and the abuse of discretion standard.[3] We have found no cases with this, or a similar, situation. The Code of Criminal Procedure

provisions dealing with juries and jurors speak in terms of persons or jurors "summoned" or who have been "summoned." Tex.Code Crim. Proc. Ann. §§ 35.01, 35.04, 35.07, 35.08, 35.09, 35.10 and 35.20 (Vernon 1989). It is undisputed the juror in question was not summoned. However, as the Court of Criminal Appeals has repeatedly held, "noncompliance with the mode and manner of service or summoning the venire constitutes error only when injury has been shown." *Lawton v. State*, 913 S.W.2d 542, 554 (Tex.Crim.App.1995), *cert. denied*, —— U.S. ——, 117 S.Ct. 88, 136 L.Ed.2d 44 (1996) (citations omitted). Gerhardt has shown no injury or harm.

The Court of Criminal Appeals has also held when "one or more of the jurors impaneled was disqualified ..., a new trial shall be ordered, without regard to a showing of injury or probable injury or of consent or waiver." *Thomas*, quoting *Ex parte Bronson*, 158 Tex.Crim. 133, 254 S.W.2d 117, 121 (Tex. Crim.App.1953). *See also State v. Holloway*, 886 S.W.2d 482, 484 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd), *cert. denied*, —— U.S. ——, 116 S.Ct. 318, 133 L.Ed.2d 220 (1995). However, it is undisputed the juror was not disqualified. We find no error in the trial court continuing with the seated juror. Point of error four is overruled. *Thomas v. State*, 796 S.W.2d 196, 197–198 (Tex.Crim. App.1990).

■ Point of error one urges Gerhardt was denied due process under the United States and Texas Constitutions because of "judicial misconduct in front of the jury." Gerhardt's attorney was examining a witness when the prosecutor objected to hearsay. Gerhardt's attorney responded to the objection and the Court asked: "How is it an exception to the hearsay rule?" The attorney responded and the court asked: "Okay. You want to show me in the rules?" The attorney asked to remove the jury and then objected to the court handing him a law book in front of the jury and asking him to show the court the law. The attorney stated, "[i]t

---

3. The State urges we should not consider this point on that basis. Tex.R.App. P. 74(f); *accord Vuong v. State*, 830 S.W.2d 929, 940 (Tex.Crim.

App.), *cert. denied*, 506 U.S. 997, 113 S.Ct. 595, 121 L.Ed.2d 533 (1992).

makes me look bad in front of the jury ... it's improper, and I'm embarrassed as a result of it; and I'd ask the Court not to do that to me again." The court then stated, "If I've embarrassed you, ... I will apologize...."

■ While the judge's gesture was probably inadvertent and may have been unwise, it was not any comment on the weight of the evidence[4] and was certainly not "judicial misconduct." Consequently, we find no error. In any event, Gerhardt's attorney did not request the judge instruct the jury concerning the incident, nor move for a mistrial, thus nothing was preserved for review. *See Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim.App.), *cert. denied,* — U.S. —, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995). Further, Gerhardt has not shown how he was prejudiced or harmed. *See Metzger v. Sebek*, 892 S.W.2d 20, 39 (Tex.App.—Houston [1st Dist.] 1994, writ denied), *writ denied,* — U.S. —, 116 S.Ct. 186, 133 L.Ed.2d 124 (1995). This point of error is overruled.

■ Point of error five alleges Gerhardt was denied his right of confrontation at the sentencing phase resulting in an excessive sentence. Gerhardt complains of the presentence report and statements contained therein. However, Gerhardt made no objection to the trial court taking judicial notice of the presentence report, nor did he object when specific information from the report was read. Hence, nothing is presented for review. Tex.R.App. P. 52(a); *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex.Crim.App.), *cert. denied,* — U.S. —, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995), *Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App.1991). Moreover, Tex.Code Crim. Proc. Ann. art. 42.12, § 9(d) (Vernon 1979 & Supp.1996) allows a defendant access to the presentence report. Section 9(e) allows a defendant to comment on the presentence investigation and, with the approval of the judge, to introduce testimony alleging a factual inaccuracy. Therefore, since no right of confrontation was asserted, through an objection or a request

under the statute, there can be no denial. Point of error five is overruled.

■ Point of error two complains the trial court abused its discretion in sentencing Gerhardt to seventeen years' imprisonment. Gerhardt recognizes the general rule that as long as a sentence is within the statutory range, it will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim.App.1984); *Willbur v. State*, 729 S.W.2d 359, 362 (Tex.App.—Beaumont 1987, no pet.). Gerhardt cites *Hayes v. State*, 709 S.W.2d 780, 782 (Tex.App.—Houston [1st Dist.] 1986, no pet.) for the proposition an appellate court may review the process by which a particular punishment was determined.

■ Gerhardt urges the trial court abused its discretion by failing to consider Gerhardt's "individual situation," i.e., mitigating circumstances. He argues his prior criminal record consists of two driving-while-intoxicated convictions in 1978 and 1985 and he has been sober since 1988. Gerhardt has worked for a major oil company for twenty years, retired and was self-employed in a landscaping business. Gerhardt was married and had two daughters, ages two and eleven. He alleges these "items, although presented at trial, did not receive appropriate attention from the sentencing judge'...." While Gerhardt's punishment fell on the high end,[5] it is within the statutory range. Nothing, other than Gerhardt's suppositions, indicates the trial judge did *not* consider those items mentioned by Gerhardt. We find no abuse of discretion. This point of error is overruled.

Gerhardt has been well represented by trial and appellate counsel. He received a full and fair trial. The jury chose to believe the victim, rather than him. The trial judge fairly imposed a permissible sentence. The judgment is affirmed.

AFFIRMED.

---

**4.** Tex.Code Crim. Proc. Ann. § 38.05 (Vernon 1979).

**5.** This offense had a punishment range of imprisonment from two to twenty years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 21.11(a)(1) and (c) (Vernon 1994); Tex. Penal Code Ann. § 12.33 (Vernon 1994).