**Rhonda Jane KANOUSE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–96–156 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Dec. 4, 1997.

Decided Jan. 7, 1998.

---

John D. MacDonald, II, Conroe, for appellant.

Michael McDougal, Dist. Atty., Gail Kikawa McConnell, Asst. Dist. Atty., Conroe, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

PER CURIAM.

Rhonda Jane Kanouse pleaded guilty to first degree murder. During punishment proceedings, the jury made an affirmative finding a deadly weapon was used and assessed punishment at sixty years' confinement in the Texas Department of Criminal Justice—Institutional Division. Raising two points of error, Kanouse appeals her conviction.

■ Point of error one claims the evidence adduced during the punishment phase was factually insufficient to sustain the jury's assessment of sixty years' confinement. Kanouse is, in effect, asking this court to conduct a *Clewis* review of the punishment evidence. This we decline to do. We agree with the Eastland Court of Appeals that *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim. App.1996) does not apply to the assessment of punishment. *Flores v. State*, 936 S.W.2d 478 (Tex.App.—Eastland 1996, pet. ref'd).

■ The general rule is that as long as a sentence is within the statutory range, it will not be disturbed on appeal. *Gerhardt v. State*, 935 S.W.2d 192, 196 (Tex.App.—Beaumont 1996, no pet.) (citing *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App.1984)). The range of punishment for first degree murder is life or five to ninety-nine years' imprisonment. Tex. Pen. Code Ann. § 12.32(a) (Vernon 1994). Kanouse was clearly sentenced within the permissible range, and that sentence will not be disturbed. Point of error one is overruled.

Kanouse's second point of error argues the trial court abused its discretion and committed reversible error when it admitted irrelevant evidence in the punishment phase. Specifically, Kanouse complains victim impact testimony offered by the State during the

direct examination of the victim's cousin, Larry McClure, had no tendency to make any fact in issue more or less probable than it would have been without it.

 Issues of relevance are within the trial court's discretion and will not be reversed absent an abuse of that discretion. *Ford v. State*, 919 S.W.2d 107, 115 (Tex.Crim. App.1996). Unless the ruling was outside the zone of reasonable disagreement, it will not be disturbed on appeal. *Id.; Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim. App.1990) (op. on reh'g). As noted in *Brooks v. State*, No. 01–96–00401–CR, slip op. at 5, 1997 WL 465597, at *3 (Tex.App.—Houston [1st Dist.] 1997, no pet. h.), evidence in the punishment phase is not "relevant" in the sense that it tends to make more or less probable some identifiable issue of ultimate fact at the punishment phase. Victim impact testimony is "relevant" because the courts have deemed "that information appropriate for the factfinder to consider in exercise of its unfettered discretion to assess whatever punishment within the prescribed range it sees fit." *Id.* (quoting *Murphy v. State*, 777 S.W.2d 44, 63 (Tex.Crim.App.1988) (op. on reh'g)). "The test for relevancy of the evidence is much broader at the punishment stage, the purpose being to allow the factfinder as much useful information as possible in deciding the appropriate punishment for the individual defendant." *Bowser v. State*, 816 S.W.2d 518, 521 (Tex.App.—Corpus Christi 1991, no pet.). *See also Mendiola v. State*, 924 S.W.2d 157, 163 (Tex.App.—Corpus Christi 1995, pet. ref'd, untimely filed). We are unable to say the trial court acted arbitrarily or unreasonably in permitting the testimony. Point of error two is overruled. The judgment of the trial court is affirmed.

AFFIRMED.