NO. 12-02-00350-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


WILLIE SKINNER,
§
 APPEAL FROM THE SECOND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS

 

MEMORANDUM OPINION


 Willie Skinner ("Appellant") appeals his conviction for aggravated assault, for which he was
sentenced to imprisonment for six years. Appellant raises two issues on appeal. We affirm.


Background

 Appellant was indicted for aggravated assault. Appellant pleaded "not guilty" and the matter
proceeded to jury trial. At trial, where evidence was presented that Appellant abducted his estranged
wife, who was six months pregnant, and hit her about the head with an iron pipe multiple times. The
jury ultimately found Appellant guilty as charged. Subsequently, the matter of Appellant's
punishment was considered by the trial court. Following the presentation of evidence and argument
of counsel, the trial court sentenced Appellant to imprisonment for six years.


Ineffective Assistance of Counsel

 In his first issue, Appellant contends that his trial counsel was ineffective because he (1)
failed to prepare and file any pre-trial discovery motions, (2) failed to object to the language of the
indictment, (3) failed to formally prepare, in typed form, an application for community supervision
and election as to punishment, (4) erroneously stipulated to the admission of all medical records to
be offered by the State in its case-in-chief, (5) failed to call Appellant's cousin or any other family
member as a witness, and (6) admitted to Appellant's prior conviction by stipulating to the fact that
the fingerprints in the State's exhibit 7 belonged to Appellant. The proper standard by which to
gauge the adequacy of representation by counsel is articulated in Strickland v. Washington, 466 U.S.
668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). See also Hernandez v. State, 726 S.W.2d 53, 57 (Tex.
Crim. App. 1986). The test set forth in Strickland requires a two-step analysis:



 Did the attorney's performance fail to constitute "reasonably effective assistance," i.e., did
the defense attorney's representation fall below an objective standard of reasonableness
under prevailing professional norms? 

 If so, was there a reasonable probability that, but for counsel's unprofessional errors, the
result of the proceedings could have been different?




See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. The test in Strickland is properly applied to the
punishment phase of a non-capital case as well. See Hernandez v. State, 988 S.W.2d 770, 772 (Tex.
Crim. App. 1999). 

 A "reasonable probability" was defined by the Supreme Court as a "probability sufficient to
undermine confidence in the outcome." Id. Counsel is strongly presumed to have rendered adequate
assistance and to have made all significant decisions in the exercise of reasonable professional
judgment. See Hernandez, 726 S.W.2d at 55. The burden is on the appellant to overcome that
presumption. See Burruss v. State, 20 S.W.3d 179, 186 (Tex. App.-Texarkana 2000, pet. ref'd). 
The appellant must show specific acts or omissions that constitute ineffective assistance and
affirmatively prove that those acts fall below the professional norm for reasonableness. Id. 

 After proving error, the appellant must affirmatively prove prejudice. Id. The appellant must
prove that his attorney's errors, judged by the totality of the representation and not by isolated
instances of error, denied him a fair trial. Id. It is not enough for the appellant to show that the
errors had some conceivable effect on the outcome of the proceedings. Id. He must show that there
is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable
doubt about his guilt. Id. 

 In the case at hand, Appellant argues at length as to why his trial counsel's actions, or lack
thereof, fell below the professional norm. However, even assuming arguendo that the actions of
Appellant's trial counsel, as noted in Appellant's brief, satisfied the first prong of the Strickland test,
Appellant must still affirmatively prove prejudice. See Burruss, 20 S.W.3d at 186. It is not enough
for the appellant to merely show that the errors had some conceivable effect on the outcome of the
proceedings. Id. 

 Despite repeated readings of Appellant's brief, we can uncover no argument addressing the
second prong of the Strickland test. We iterate that the burden of proof as to this issue rests squarely
upon Appellant. See Burruss, 20 S.W.3d at 186. As such, we will neither surmise nor devise our
own conclusions absent some cogent argument on Appellant's behalf that but for his counsel's
alleged unprofessional errors, there exists a reasonable probability that the result of the proceedings
would have been different. Appellant's first issue is overruled. 


Factual Sufficiency of Evidence as to Punishment

 In his second issue, Appellant argues that the trial court's sentence is against the great weight
and preponderance of the evidence to the point of being manifestly unjust. A review of the evidence
for factual sufficiency is inappropriate with respect to the assessment of punishment. See Bradfield
v. State, 42 S.W.3d 350, 351 (Tex. App.-Texarkana 2001, pet. ref'd); Kanouse v. State, 958 S.W.2d
509, 510 (Tex. App.-Beaumont 1998, no pet.); Flores v. State, 936 S.W.2d 478, 479 (Tex. App.-
Eastland 1996, pet. ref'd). Hence, we decline to conduct a factual sufficiency review of the evidence
on punishment.

 The general rule is that as long as a sentence is within the statutory range, it will not be
disturbed on appeal. See Gerhardt v. State, 935 S.W.2d 192, 196 (Tex. App.-Beaumont 1996, no
pet.) (citing Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). The punishment for
aggravated assault is a term of imprisonment ranging between two and twenty years. See Tex. Pen.
Code Ann. §§ 22.02(b), 12.33(a) (Vernon 2003). Since Appellant's six year sentence falls within
the permissible range set forth by the Legislature, we will not disturb it. Appellant's second issue
is overruled.



Conclusion

 Having overruled Appellant's issues one and two, we affirm the judgment of the trial court.




 SAM GRIFFITH 

 Justice



Opinion delivered November 19, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.






























(DO NOT PUBLISH)