NO. 12-03-00206-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ROY KYLE SMITH,
§
 APPEAL FROM THE 2ND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS

 

MEMORANDUM OPINION


 Roy Kyle Smith ("Appellant") appeals his sentence following the trial court's revocation of
his community supervision. Appellant raises one issue on appeal. We affirm.


Background

 On May 29, 2001, Appellant was charged with a subsequent offense of driving while
intoxicated and pleaded "guilty." The trial court sentenced Appellant to confinement for ten years,
but suspended the sentence and placed Appellant on community supervision for five years. On May
6, 2003, the State moved to revoke Appellant's community supervision alleging seven violations of
Appellant's community supervision order. 

 A hearing on the State's motion was conducted on June 3, 2003. Appellant pleaded "not
true" to each of the State's allegations. At the conclusion of the hearing, the trial court, having found
that Appellant violated one or more terms of his community supervision as alleged, revoked
Appellant's community supervision. (1) Following a hearing on punishment, the trial court sentenced
Appellant to confinement for ten years.


Factual Sufficiency of Evidence as to Punishment

 In his sole issue, Appellant argues that the evidence is factually insufficient to support the
trial court's sentence imposed upon him. A review of the evidence for factual sufficiency is
inappropriate with respect to the assessment of punishment. See Bradfield v. State, 42 S.W.3d 350,
351 (Tex. App.-Texarkana 2001, pet. ref'd); Kanouse v. State, 958 S.W.2d 509, 510 (Tex.
App.-Beaumont 1998, no pet.); Flores v. State, 936 S.W.2d 478, 479 (Tex. App.-Eastland 1996,
pet. ref'd). Hence, we decline to conduct a factual sufficiency review of the evidence on punishment.

 The general rule is that as long as a sentence is within the statutory range, it will not be
disturbed on appeal. See Gerhardt v. State, 935 S.W.2d 192, 196 (Tex. App.-Beaumont 1996, no
pet.) (citing Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). The punishment for
a subsequent offense of driving while intoxicated is a term of imprisonment ranging between two
and ten years. See Tex. Pen. Code Ann. §§ 49.04, 49.09(b), 12.34(a) (Vernon 2003). Since
Appellant's ten year sentence falls within the permissible range set forth by the legislature, we will
not disturb it. Appellant has not raised any issue contending that his sentence amounted to cruel and
unusual punishment. Appellant's sole issue is overruled.


Conclusion

 Having overruled Appellant's sole issue, we affirm the judgment of the trial court.


 SAM GRIFFITH 

 Justice



Opinion delivered December 23, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



(DO NOT PUBLISH)
1. The record does not reflect which provisions of his community supervision the trial court found that
Appellant violated.