NO. 12-04-00334-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
KENNETH MICHAEL ROGERS,                    §                 APPEAL FROM THE 2ND
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 CHEROKEE COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Kenneth Michael Rogers appeals the ten-year sentence imposed upon him following his
conviction for driving while intoxicated. Appellant raises one issue on appeal. We affirm.
 
Background
            Appellant was charged with driving while intoxicated and the matter proceeded to jury trial. 
The jury found Appellant guilty as charged. Appellant stipulated to two previous convictions for
driving while intoxicated. The jury assessed Appellant’s punishment at imprisonment for ten years
and a ten thousand dollar fine. The trial court sentenced Appellant accordingly, and this appeal
followed.
 
Factual Sufficiency of Evidence as to Punishment
            In his sole issue, Appellant argues that the evidence is factually insufficient to support the
trial court’s sentence imposed upon him.


 A review of the evidence for factual sufficiency is
inappropriate with respect to the assessment of punishment. See Bradfield v. State, 42 S.W.3d 350,
351 (Tex. App.–Texarkana 2001, pet. ref’d); Kanouse v. State, 958 S.W.2d 509, 510 (Tex.
App.–Beaumont 1998, no pet.); Flores v. State, 936 S.W.2d 478, 479 (Tex. App.–Eastland 1996,
pet. ref’d). Hence, we decline to conduct a factual sufficiency review of the evidence on punishment.
            The general rule is that as long as a sentence is within the statutory range, it will not be
disturbed on appeal. See Gerhardt v. State, 935 S.W.2d 192, 196 (Tex. App.–Beaumont 1996, no
pet.) (citing Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). The punishment for
driving while intoxicated when there is proof at trial of two prior convictions of driving while
intoxicated is a term of imprisonment ranging between two and ten years and a fine not to exceed
ten thousand dollars. See Tex. Pen. Code Ann. §§ 49.04(a), 49.09(b), 12.34 (Vernon 2003 & Supp.
2004–05). Since Appellant’s ten-year sentence falls within the permissible range set forth by the
Legislature, we will not disturb it. Appellant has not raised any issue contending that his sentence
amounted to cruel and unusual punishment. Appellant’s sole issue is overruled.
 
Conclusion
            Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered July 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(DO NOT PUBLISH)