HARRIS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-540-CR

WELDON DUDLEY HARRIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Weldon Dudley Harris appeals his revocation of community supervision and sentence of twenty-four months in a state jail facility.  In his sole point, appellant argues that the trial court abused its discretion in revoking his community supervision and sentencing him to twenty-four months in jail.  We affirm.

Background Facts

On March 2, 2004, appellant pled guilty to possession of a controlled substance, namely methamphetamine, of less than one gram.  Pursuant to the plea agreement with the State, appellant was sentenced to twenty-four months in a state jail facility and ordered to pay a $1,500 fine.  However, the imposition of the sentence was suspended and appellant was placed on community supervision for five years.  The State filed a motion to revoke appellant’s community supervision when he failed to meet certain requirements set forth in the original judgment. 

At the November 3, 2004 hearing, appellant pled true to all of the State’s allegations.  Josh Cooper, a community supervision officer in Parker County, testified that another officer in the Parker County community supervision office went over the conditions of appellant’s probation with him, and that appellant failed to report for probation after his court date.  Appellant stipulated that he failed to report for probation, pay any money, or perform any services that he was required to under the original judgment. 

Appellant testified that he is homeless and has a wife and five children to care for.  He stated that he does not have a steady income but works day jobs to pay for the motel room where he was staying.  Appellant testified that he moved from Parker County to Fort Worth and then to Dallas County to try to find employment.  Appellant testified that when he moved to Fort Worth he contacted the Fort Worth community supervision office and had to use bus passes given to him by his church to go there because he did not have any money for transportation to the office.  Appellant testified that after he moved to Dallas County the reason he did not report to probation was that he did not have money to pay for the long-distance phone call to Parker County and did not have any transportation.  Appellant stated that when he moved to Dallas County he contacted the Dallas County community supervision office and was told that it was his responsibility to contact his probation office.  Appellant did not make any other attempts to contact the Parker County probation office.  

During the six months appellant was on community supervision, appellant was working day jobs to support his family.  Appellant testified that if the judge placed him back on community supervision, he had two people who guaranteed him a job.  After hearing evidence from both the State and appellant, the trial court revoked appellant’s community supervision and imposed the original sentence of twenty-four months in a state jail facility and a $1,500 fine.

Revocation of Community Supervision

We review an order revoking community supervision under an abuse of discretion standard.  
Cardona v. State
, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984);
 Jackson v. State
, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).  In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision.  
Cobb v. State
, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court’s ruling.  
Cardona
, 665 S.W.2d at 493; 
Garrett v. State
, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); 
Allbright v. State
, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref’d).  If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. 
 Cardona
, 665 S.W.2d at 493-94.

Appellant pled true to all of the State’s allegations regarding his violation of community supervision.  A plea of true, standing alone, is sufficient to support the revocation of community supervision.  
Cole v. State
, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).
(footnote: 2)  Appellant claims that the trial court abused its discretion when it failed to consider his individual circumstances, namely that he was homeless, had a wife and five children to care for, and that his violation was unintentional, but he fails to point to anything in the record to support this contention.  Nothing, other than appellant’s suppositions, indicates the trial judge did not consider appellant’s circumstances in making his determination.  
See Gerhardt v. State, 
935 S.W.2d 192, 196 (Tex. App.སྭBeaumont 1996, no writ).  

Appellant argues that the trial court abused its discretion in sentencing him to twenty-four months’ confinement and not reinstating his community supervision or giving him a less severe alternative to incarceration.  Section 12.35 of the penal code states that an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.  
Tex. Penal Code Ann.
 § 12.35(a) (Vernon 2003).  It is clear that the punishment assessed by the trial court fell within the range of punishment established by law, and a penalty imposed within the range prescribed by the legislature will not be disturbed on appeal.   
Nunez v. State
, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978).  Because we determine that appellant’s plea standing alone is sufficient to support his revocation and that the trial court did not abuse its discretion in assessing appellant’s punishment within the statutory guidelines, we overrule his sole point.

Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 27, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
A finding of a single violation of community supervision is sufficient to support revocation.  
Allbright
, 13 S.W.3d at 819.