NO.
12-07-00090-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

WILLIE UPSHAW,   §                      APPEAL FROM THE 114TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Willie
Upshaw appeals his sentence of imprisonment for sixteen years he received
following his conviction for aggravated assault.  In one issue, Appellant argues that the
evidence is factually insufficient to support his punishment.  We affirm.

 

Background

            Appellant
was charged by indictment with aggravated assault with a deadly weapon.
Appellant pleaded “guilty” as charged, and the matter proceeded to a trial on
punishment before a jury.  Ultimately,
the jury assessed Appellant’s punishment at imprisonment for sixteen
years.  The trial court sentenced
Appellant accordingly, and this appeal followed.

 

Factual
Sufficiency of Evidence as to Punishment

            In
his sole issue, Appellant contends that the evidence was factually insufficient
to support his sentence.  A review of the
evidence for factual sufficiency is inappropriate with respect to the
assessment of punishment.  See Bradfield
v. State, 42 S.W.3d 350, 351 (Tex. App.–Eastland 2001, pet. ref’d); Kanouse
v. State, 958 S.W.2d 509, 510 (Tex. App.–Beaumont 1998, no pet.); Flores
v. State, 936 S.W.2d 478, 479 (Tex. App.–Eastland 1996, pet. ref’d).  Hence, we decline to conduct a factual
sufficiency review of the evidence on punishment.

            The
general rule is that as long as a sentence is within the statutory range, it
will not be disturbed on appeal.  See Gerhardt
v. State, 935 S.W.2d 192, 196 (Tex. App.–Beaumont 1996, no pet.)
(citing Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim.
App.1984)).  The punishment for
aggravated assault with a deadly weapon is a term of imprisonment ranging
between two and twenty years and a fine not to exceed ten thousand dollars.  See Tex.
Penal Code Ann. §§ 12.33, 22.02(b), (Vernon 2003 & Supp. 2006).  Since Appellant’s sixteen year sentence falls
within the permissible range set forth by the legislature, we will not disturb
it.  Appellant has not raised any issue
contending that his sentence amounted to cruel and unusual punishment.  Appellant’s sole issue is overruled.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment.

 

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion
delivered August 30, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(DO NOT PUBLISH)