NO.
12-07-00019-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

DUDLEY HOWARD HICKMAN,   §                      APPEAL FROM THE 114TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Dudley
Howard Hickman appeals from his conviction for sexual assault of a child for
which the jury sentenced him to a fifteen year prison term and a $5,000.00
fine.  In one issue, Appellant asserts
that the evidence is factually insufficient to support the sentence.  We affirm.

 

Background

            Appellant
entered a plea of guilty to the offense of sexual assault of a child and
elected to have a jury trial on the issue of punishment.  The jury assessed Appellant’s punishment at
imprisonment for fifteen years and a $5,000.00 fine.  The trial court sentenced Appellant
accordingly, and this appeal followed.

 

Factual
Sufficiency of Evidence as to Punishment

            In
his sole issue, Appellant contends that the evidence is factually insufficient
to support the sentence imposed.  A
review of the evidence for factual sufficiency is inappropriate with respect to
the assessment of punishment.  See Bradfield
v. State, 42 S.W.3d 350, 351 (Tex. App.–Eastland  2001, pet. ref’d); Kanouse v. State,
958 S.W.2d 509, 510 (Tex. App.–Beaumont 1998, no pet.); Flores v. State,
936 S.W.2d 478, 479 (Tex. App.–Eastland 1996, pet. ref’d).  Therefore, we decline to conduct a factual
sufficiency review of the evidence on punishment.

            The
general rule is that as long as a sentence is within the statutory range, it
will not be disturbed on appeal.  See Gerhardt
v. State, 935 S.W.2d 192, 196 (Tex. App.–Beaumont 1996, no pet.).  The punishment for sexual assault of a child
is imprisonment for not more than twenty years or less than two years and a
fine of up to $10,000.00.  Tex. Penal Code Ann. §§ 12.33,
22.011(f) (Vernon 2003 & Supp. 2007). 
Since Appellant’s fifteen year term and $5,000.00 fine fall within the
permissible range set forth by the legislature, we will not disturb it.  Appellant has not raised any issue contending
that his sentence amounted to cruel and unusual punishment.  We overrule Appellant’s sole issue.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment.

 

 

 

                                                                                                   JAMES T. WORTHEN   

                                                                                                               Chief Justice

 

 

Opinion
delivered March 31, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)