NO. 12-07-00202-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
JOSHUA TRAVIS ROBERSON,                      §                 APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Joshua Travis Roberson appeals his sentence of imprisonment for thirty-five years that he
received following his conviction for aggravated sexual assault of a child. In one issue, Appellant
argues that the evidence is factually insufficient to support his punishment. We affirm.
 
Background
            Appellant was charged by indictment with aggravated sexual assault of a child. Appellant
pleaded “guilty” as charged, and the matter proceeded to a trial on punishment before a jury. 
Ultimately, the jury assessed Appellant’s punishment at imprisonment for thirty-five years. The trial
court sentenced Appellant accordingly, and this appeal followed.
 
Factual Sufficiency of Evidence as to Punishment
            In his sole issue, Appellant contends that the evidence was factually insufficient to support
his sentence. A review of the evidence for factual sufficiency is inappropriate with respect to the
assessment of punishment. See Bradfield v. State, 42 S.W.3d 350, 351 (Tex. App.–Texarkana 2001,
pet. ref’d); Kanouse v. State, 958 S.W.2d 509, 510 (Tex. App.–Beaumont 1998, no pet.); Flores v.
State, 936 S.W.2d 478, 479 (Tex. App.–Eastland 1996, pet. ref’d). Hence, we decline to conduct
a factual sufficiency review of the evidence on punishment.
            The general rule is that as long as a sentence is within the statutory range, it will not be
disturbed on appeal. See Gerhardt v. State, 935 S.W.2d 192, 196 (Tex. App.–Beaumont 1996, no
pet.) (citing Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). The punishment for
aggravated sexual assault of a child is a term of imprisonment ranging between five and ninety-nine
years, or life. See Tex. Penal Code Ann. §§ 12.32, 22.021(e), (Vernon 2003 & Supp. 2007).


 
Since Appellant’s thirty-five year sentence falls within the permissible range set forth by the
legislature, we will not disturb it.


 Appellant’s sole issue is overruled.
 
Disposition
            Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.
 
 
 
                                                                                                    BRIAN HOYLE 
                                                                                                               Justice
 
 
Opinion delivered May 7, 2008.
Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.


(DO NOT PUBLISH)