ACCEPTED
06-16-00078-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/29/2016 2:22:46 PM
DEBBIE AUTREY
CLERK

## NO. 06-16-00078-CR

## IN THE COURT OF APPEALS

## SIXTH COURT OF APPEALS DISTRICT

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
6/29/2016 2:22:46 PM
DEBBIE AUTREY
Clerk

## TEXARKANA, TEXAS

---

### JACK HANDLEY MEYER
**Appellant**

### V.

### STATE OF TEXAS
**Appellee**

---

### BRIEF OF APPELLANT,
### JACK HANDLEY MEYER

---

**CRAIG A. FLETCHER
ATTORNEY AT LAW
109 West Austin St.
Marshall, Texas 75670
TELEPHONE: (903) 503.7676
TELEFAX: (903) 503.7680**

**ORAL ARGUMENT
NOT REQUESTED**

CRAIG A. FLETCHER
State Bar No. 00792506
**ATTORNEY FOR APPELLANT**

# TABLE OF CONTENTS

NAMES OF ALL PARTIES ............................................................................................ i

INDEX OF AUTHORITIES ......................................................................................... iii

INDEX OF ABBREVIATIONS ..................................................................................... iii

PRELIMINARY STATEMENT OF THE NATURE OF THE CASE ................................. 3

STATEMENT OF POINTS OF ERROR ........................................................................ 4

STATEMENT OF FACTS ............................................................................................ 4

BRIEF OF THE ARGUMENT ...................................................................................... 5

ARGUMENT AND AUTHORITY ................................................................................. 5

PRAYER FOR RELIEF .............................................................................................. 12

CERTIFICATE OF SERVICE ..................................................................................... 13

CERTIFICATE OF WORD COUNT ........................................................................... 14

# NAMES OF ALL PARTIES

**The parties to this action are:**

## Appellant
MR. JACK HANDLEY MEYER
403 Houston St.
Jefferson, Texas 75657

## Appellant's Counsel
HON. CRAIG A. FLETCHER
Attorney at Law
109 W. Austin St.
Marshall, Texas 75670

## State of Texas
HON. COKE SOLOMAN
Harrison County District Attorney
200 West Houston, Suite 206
Marshall, Texas 75670

**The parties' counsel before the Trial Court:**

**Appellant**
JACK HANDLEY MEYER, *Pro Se*
403 Houston St.
Jefferson, Texas 75657

**State of Texas**
HON. COKE SOLOMAN
Harrison County District Attorney
200 West Houston, Suite 206
Marshall, Texas 75670

HON. MICHAEL NORTHCUTT
Harrison County Asst. District Attorney
200 West Houston, Suite 206
Marshall, Texas 75670

**The Trial Court Judge:**

HON. JOE BLACK
County Court at Law
Harrison County, Texas
200 West Houston, Suite 263
Marshall, Texas 75670

# INDEX OF AUTHORITIES

**Cases**

*Anders v. California*, 386 U.S. 738 ..................................................................................4

*Bradfield v. State*, 42 S.W.3d 350 (Tex. App.–Eastland 2001, pet. ref'd) ............ 10

*Curry v. State*, 30 S.W.3d 394 (Tex.Crim.App.2000) ......................................................9

*Flores v. State*, 936 S.W.2d 478 (Tex. App.–Eastland 1996, pet. ref'd)................ 10

*Gerhardt v. State*, 935 S.W.2d 192 (Tex. App.–Beaumont 1996, no pet.)........... 10

*Harris v. State*, 164 S.W.3d 775 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd. ..................................................................................................................................9

*Jones v. State*, 984 S.W.2d 254,257 (Tex.Crim.App1998).................................. 8

*Kanouse v. State*, 958 S.W.2d, 509-510 (Tex. App.-Beaumont 1998, no pet.) .................................................................................................................................. 9

*King v. State*, 29 S.W.3d 556 (Tex.Crim.App.2000)......................................................9

*Losada v. State*, 721 S.W.2d 305, (Tex.Crim.App.1986)............................................9

*Muniz v. State*, 851 S.W.2d 238 (Tex.Crim.App.1993) ...............................................9

*Salinas v. State*, 163 S.W.3d 734 (Tex.Crim.App.2005) .............................................8

*Sharp v. State*, 707 S.W.2d 611 (Tex.Crim.App.1986)................................................9

**Statutes**

Tex. Code Crim. Proc., Art 21.21 ....................................................................................5

Tex. Code Crim. Proc., Art. 42.01................................................................................ 11

# INDEX OF ABBREVIATIONS

Clerk's Record .................................................................................................... CR

Supplemental Clerk's Record.........................................................................SCR

Reporter's Record ................................................................................................RR

NO. 06-16-00078-CR

IN THE COURT OF APPEALS

SIXTH COURT OF APPEALS DISTRICT

TEXARKANA, TEXAS

---

JACK HANDLEY MEYER
Appellant

V.

STATE OF TEXAS
State

---

BRIEF OF APPELLANT,
JACK HANDLEY MEYER

TO THE HONORABLE JUSTICES OF SAID COURT:

NOW COMES JACK HANDLEY MEYER, Appellant in the above-styled and numbered cause and Defendant in the trial court, and by and through appointed Counsel, files this his *Brief of Appellant* and respectfully reports to the Sixth Court of Appeals that no errors were found to have been committed

by the Trial Court relating to pretrial and evidentiary rulings during trial in Cause Number 2014-0801 in the County Court at Law of Harrison County, Texas, before the Honorable Judge Joe Black, Judge Presiding.

Following a review of the pre-trial proceedings, trial and judgment, no error, that was more than harmless error, was found that could be presented for review to the appellate court, and therefore, appointed counsel seeks to withdraw here-from and has invited response hereto from the Appellant.

## PRELIMINARY STATEMENT OF THE NATURE OF THE CASE

The following dates are applicable to the case history in this matter:

| Event Date | Nature of Event | CR | RR(1) |
|---|---|---|---|
| Oct. 8, 2014 | JP Verdict | Pg. 44 | |
| Oct. 15, 2014 | JP Notice of Appeal | Pg. 45 | |
| Mar. 30, 2016 | State's Information (seat belt) | Pg. 122 | |
| Mar. 30, 2016 | State's Information (exp. DL) | Pg. 123 | |
| Apr. 4, 2016 | Jury Selection | | Pg. 10 |
| Apr. 4, 2016 | Guilt/Innocence phase begins | | Pg. 39 |
| Apr. 4, 2016 | Closing argument | | Pg. 71 |
| Apr. 4, 2016 | Jury Verdict | Pg. 155 | Pg. 77 |
| Apr. 4, 2016 | Punishment Phase (Judge) | | Pg. 80 |
| Apr. 4, 2016 | Appellant Sentenced by Court | | Pg. 80 |
| Apr. 6, 2016 | Notice of Appeal filed | Pg. 156 | |
| June 1, 2016 | Cert. of Appeal | (SCR.) 4 | |

## STATEMENT OF POINTS OF ERROR

No points of error were identified following review of the record, and this Brief is submitted in compliance with the tenants of *Anders v. California*, 386 U.S. 738 (1967).

## STATEMENT OF FACTS

On or about July 1, 2013, Trooper Jimmy Benton was on routine patrol in Harrison County, Texas in his capacity as a DPS trooper. During said patrol, he observed Appellant driving his vehicle while not wearing his seatbelt. The Trooper initiated a traffic stop and subsequently learned Appellant's driver's license was expired. The trooper issued citations to Appellant for those violations and sent him on his way. Appellant appealed convictions out of the Justice Court for those traffic offenses to the County Court at Law of Harrison County, Texas. Appellant was tried before a jury in the Court at Law, and the jury rejected his argument he was a "sovereign citizen" and not subject to these laws, and found him guilty in both cases. The Court found Appellant guilty, and assessed fines of $50.00, with costs of court for failure to wear a seat belt and $150.00, without costs of court, for the no driver's license ticket.

## BRIEF OF THE ARGUMENT

Following a review of the pre-trial proceedings, trial and judgment, no error, that was more than harmless error, was found that could be presented for review to the appellate court, and therefore, appointed counsel seeks to withdraw here-from and has invited response hereto from the Appellant.

## ARGUMENT AND AUTHORITY

It is the responsibility of Appellant's counsel to thoroughly review and analyze the record for not only preserved error but also fundamental error.

Information:

Appellant was charged by information for committing the offenses of failing to wear his seatbelt and for having an expired driver's license on January 22, 2014 (CR: Pg. 122,123). The information appears to be valid on its face and carries the signature of the purported complainant. Tex. Code Crim. Proc., Art 21.21. The language of the information is consistent with Sections 545.413(a) and 521.021 of the Texas Transportation Code. The record is silent as to any legitimate challenge to the sufficiency of the information, leaving nothing as to the information for review.

<u>Pre-Trial Motions:</u>

A myriad of pretrial motions and other "affidavits of fact" were filed by Appellant in this cause, who represented himself *Pro se*, despite inquiry concerning the right to appointed counsel by the Court. All pretrial motions proffered by the Appellant appear to have been either denied in their entirety or a compromised agreement was entered into by the Appellant and the State. No legitimate issue is preserved for appellate review.

<u>Voir Dire:</u>

The jury panel in this cause was qualified, and a very brief voir dire was conducted by the state and the Appellant. Appellant did lodge an objection to not being able to question the panel concerning their status as "sovereign citizens", which was overruled by the court. As well, he objected to not being able to record the proceedings with his tape recorder. There were no objections to any of the jurors' qualifications, no Batson challenges, and no challenges for cause overruled. Indeed, Appellant specifically stated to the panel and the Court he had no objection to any potential jurors serving on his case as jurors. (RR., Vol. 1, Pg. 14) No legitimate issue was preserved for

appeal with respect to the qualifications of any potential jurors, voire dire, or actual selection of the jury.

Guilt/Innocence Trial:

On April 4, 2016, a trial was conduct before a jury on the issue of guilt/innocence. The State of Texas called one (1) witness:

| **Witness** | **Summary of Testimony** | **R.R. (Vol/Pg)** |
|---|---|---|
| Jimmy Benton | The State Trooper who cited the Appellant for the traffic violations. He testified as to the factual events of July. 1, 2013. | Vol. 1/Pg. 39 |

The Appellant only called himself as a witness.

| **Witness** | **Summary of Testimony** | **R.R. (Vol/Pg)** |
|---|---|---|
| Jack Meyer | Appellant. Testified as to the factual events of July 1, 2013 and his beliefs held concerning his status as a sovereign citizen. | Vol. 1/Pg. 52 |

Charge of the Court -- Punishment

No objections were lodged by Appellant to the Charge of the Court. (RR: Vol 1, page 67). No written requests were made by Appellant for instructions or definitions. No issues were preserved for appeal.

## Sentence

The sentence imposed by the trial court after the jury verdict of guilty was returned is within the range allowed by law and was supported by the evidence. There is no error available to the Court for review.

## Judgment

The review of the judgment in this cause (CR. Pg. 155) reveals that the judgment appears to be facially valid. *Texas Code of Criminal Proc.* Art. 42.01.

## Factual/Legal Sufficiency General Analysis

In a sufficiency review, [the appellate court] shall view all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *Salinas v. State*, 163 S.W.3d 734, 737 (Tex.Crim.App.2005).

The jury, as the sole judge of the credibility of the witnesses, is free to believe or disbelieve all or part of a witness' testimony. *Jones v. State*, 984 S.W.2d 254, 257 (Tex.Crim.App.1998).

The jury may reasonably infer facts from the evidence presented, credit the witnesses it chooses to, disbelieve any or all of the evidence or testimony

proffered, and weigh the evidence as it sees fit. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986).

Reconciliation of conflicts in the evidence is within the jury's discretion and such conflicts alone will not call for reversal if there is enough credible evidence to support a conviction. *Losada v. State*, 721 S.W.2d 305, 309 (Tex.Crim.App.1986).

An appellate court may not reevaluate the weight and credibility of the evidence produced at trial and in so doing substitute its judgment for that of the fact finder. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App.2000).

Inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App.2000).

[The appellate court does] not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex.Crim.App.1993); *Harris v. State*, 164 S.W.3d 775, 784 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd.).

The Appellant, on cross examination by the state, admitted under oath he was in fact operating his pickup on a public roadway, while over the age of 15, on the occasion in question. He further admitted at the time of the stop he did not have a valid driver's license (RR, Vol. 1, Pg. 64,65). The other statutory elements required to convict for these offenses were provided in evidence through the Trooper's testimony (RR, Vol. 1, Pg. 40-44). There are no issues for appeal concerning legal or factual sufficiency.

Factual/Legal Sufficiency As Applied to Punishment

There is no ground upon which to appeal on the issue of punishment. A review of the evidence for factual sufficiency is inappropriate with respect to the assessment of punishment. See *Bradfield v. State*, 42 S.W.3d 350, 351 (Tex. App.–Eastland 2001, pet. ref'd); *Kanouse v. State*, 958 S.W.2d 509, 510 (Tex. App.–Beaumont 1998, no pet.); *Flores v. State*, 936 S.W.2d 478, 479 (Tex. App.–Eastland 1996, pet. ref'd).

The general rule is that as long as a sentence is within the statutory range, it will not be disturbed on appeal. *Gerhardt v. State*, 935 S.W.2d 192, 196 (Tex. App.–Beaumont 1996, no pet.). In this case, the punishment assessed by the

court was within the range provided by statute. Thus, there is no issue for appeal (RR., Vol. 1, Pg. 80).

Assistance of Counsel:

Appellant represented himself pro se, even after admonishment by the Court. (RR, Vol. 1, p. 50) As previously stated, the information appears valid on its face, therefore, no cause existed to file a *Motion to Quash*. The stop and all which transpired thereafter appears to be based upon probable cause and a reasonable suspicion; therefore, no cause existed to file a *Motion to Suppress.*

All searches, if any, appear to be based upon either consent, subject to detention or arrest or based upon a lawfully obtained warrant; therefore, no cause existed to file a *Motion to Suppress.*

Appellant participated in all aspects of the trial from pretrial hearings to jury selection, to opening and closing statements and bench conferences. The Appellant was allowed to conducting cross examination of witnesses, was allowed by the Court to testify in narrative form during his case in chief, and was allowed to proffer objections. Appellant also participated in closing argument. There were no objections lodged by Appellant to the charge (RR:

Vol. 1, Pg. 67)   As Appellant waived his right to counsel and represented himself, there are no grounds for review for ineffective assistance of counsel.

Joinder of Multiple Citations

Appellant was tried simultaneously for two separate traffic-related offenses (CR 1, Pg. 122,123).  The trial of two or more offenses may be joined in a single information if the offenses arise out of the same criminal episode. *Texas Code of Criminal Proc.* Art. 42.01.  In this case, rather than allege separate offenses in the same information, the state filed two separate informations under the same cause number.   No objection was lodged by Appellant, nor was there a Motion to Quash filed.  No error is preserved for appeal, and even if there were, any such error would constitute harmless error.

Summary:

Following review and consideration of pre-trial and trial activities before the Trial Court, there are no points of reversible error found.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Counsel for Appellant, JACK HANDLEY MEYER, respectfully requests and prays that this matter be

considered by the Court and that appointed counsel be allowed to withdraw here-from and that this appeal be dismissed following the Appellant's opportunity to respond hereto; and further, Counsel respectfully requests and prays for any and all other relief, at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**CRAIG A. FLETCHER**
Attorney for Appellant
109 W. Austin St.
Marshall, Texas 75670
TELEPHONE: (903) 503.7676
TELEFAX: (903) 503.7680
Email: craig@craigfletcherlaw.com
TBA # 00792506

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered by hand-delivery to the District Attorney, Harrison County, Texas, and to the Appellant, on _June 28_, 2016.

CRAIG A. FLETCHER

## **CERTIFICATE OF WORD COUNT**

I, CRAIG A. FLETCHER, do hereby certify that the foregoing *Appellant's Brief for JACK HANDLEY MEYER* does comply with the requirements for a brief preparation, to-wit:

FONT & Size:     SEGOE UI, 14 pt  
COUNT:     2479 words

_____  
CRAIG A. FLETCHER