NO. 12-03-00277-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


BILLY JOE BROWN,
§
 APPEAL FROM THE SECOND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS

 
 MEMORANDUM OPINION


 Billy Joe Brown ("Appellant") appeals the trial court's revocation of his deferred
adjudication probation as well as the sentence imposed on him. We dismiss a portion of this appeal
for want of jurisdiction. As to the remaining issue, we affirm.


Background

 Appellant was charged by indictment with retaliation and pleaded "guilty." The trial court
deferred an adjudication of guilt and placed Appellant on community supervision for six years. On
April 28, 2003, the State filed a motion to revoke Appellant's community supervision alleging that,
among other things, Appellant had been convicted of possession of methamphetamine, a controlled
substance. Appellant pleaded "true" to the aforementioned allegation. Following a hearing, the trial
court revoked Appellant's community supervision, adjudicated Appellant guilty of retaliation, and
sentenced Appellant to imprisonment for ten years. This appeal followed.




Appeal of Revocation of Deferred Adjudication Probation


 In his second issue, Appellant argues that he received ineffective assistance of counsel. (1) 
Texas Code of Criminal Procedure Article 42.12, section 5(b) governs the situation at issue. Article
42.12, section 5(b) states as follows:


 On violation of a condition of community supervision imposed under Subsection (a) of this section,
the defendant may be arrested and detained as provided in Section 21 of this article. The defendant
is entitled to a hearing limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may be taken from this determination. 



Tex. Code. Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2004) (emphasis added). 

 In Connolly v. State, 983 S.W.2d 738 (Tex. Crim. App. 1999), the court of criminal appeals
reiterated a long line of cases dealing with situations similar to the instant case. See Connolly, 983
S.W.2d at 740-41 (citing Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992)
(explaining that court of criminal appeals had "held from the beginning of deferred adjudication
practice that the Legislature [had] meant what it said in Article 42.12 § 5(b)"); Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992) (on appeal of trial court's decision to revoke probation and
adjudicate, even if the appellant's right to counsel had been violated, the appellant could not use
direct appeal as the vehicle with which to seek redress); Wright v. State, 592 S.W.2d 604, 606 (Tex.
Crim. App. 1980) (under the terms of the statute, no appeal may be taken from the hearing in which
the trial court determines to proceed with an adjudication of guilt on the original charge); Williams
v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) (trial court's decision to proceed with an
adjudication of guilt is one of absolute discretion and is not reviewable)). The court continued:


 In all these cases, we have tried to make clear that, given the plain meaning of Article 42.12 § 5(b),
an appellant whose deferred adjudication probation has been revoked and who has been adjudicated
guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt
process. (citation omitted). Moreover, since the legislature has not overturned our interpretation of
the statute after all these years, we are confident that our interpretation is correct. See State v. Hall,
829 S.W.2d 184, 187 (Tex. Crim. App. 1992) (prolonged legislative silence following judicial
interpretation of statute implies approval of interpretation).



Connolly, 983 S.W.2d at 741.

 In our view, given the factual similarities between Connolly, its progeny, and the case at
hand, the holdings in Connolly and the cases cited therein control the instant case as it relates to the
trial court's decision to proceed to adjudication. Considering the plain meaning of article 42.12,
section 5(b) and the long line of authority from the court of criminal appeals on the issue, we hold
that Appellant cannot raise his second issue, which arises out of the trial court's decision to proceed
with the adjudication of guilt following the revocation of Appellant's probation. Therefore, we lack
jurisdiction to consider Appellant's second issue.


Factual Sufficiency of Evidence as to Punishment

 In his first issue, Appellant argues that the evidence is factually insufficient to support the
trial court's sentence imposed upon him. (2) A review of the evidence for factual sufficiency is
inappropriate with respect to the assessment of punishment. See Bradfield v. State, 42 S.W.3d 350,
351 (Tex. App.-Texarkana 2001, pet. ref'd); Kanouse v. State, 958 S.W.2d 509, 510 (Tex.
App.-Beaumont 1998, no pet.); Flores v. State, 936 S.W.2d 478, 479 (Tex. App.-Eastland 1996,
pet. ref'd). Hence, we decline to conduct a factual sufficiency review of the evidence on punishment.

 The general rule is that as long as a sentence is within the statutory range, it will not be
disturbed on appeal. See Gerhardt v. State, 935 S.W.2d 192, 196 (Tex. App.-Beaumont 1996, no
pet.) (citing Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). The punishment for
retaliation is a term of imprisonment ranging between two and ten years. See Tex. Pen. Code Ann.
§§ 36.06, 12.34(a) (Vernon 2003). Since Appellant's ten year sentence falls within the permissible
range set forth by the legislature, we will not disturb it. Appellant's first issue is overruled.

 

Conclusion

 Having overruled Appellant's first issue, we affirm the portion of the trial court's judgment
related thereto. The remainder of this appeal is dismissed for want of jurisdiction.



 DIANE DEVASTO 

 Justice



Opinion delivered February 18, 2004.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


































(DO NOT PUBLISH)
1. Appellant's claim of ineffective assistance of counsel does not relate to any matter occurring after the trial
court's adjudication of guilt.
2. Article 42.12 § 5(b) provides that "[a]fter an adjudication of guilt, all proceedings, including assessment
of punishment...and defendant's appeal continue as if the adjudication of guilt had not been deferred." Tex. Code.
Crim. Proc. Ann. art. 42.12 § 5(b). Thus, our consideration of Appellant's contention that the evidence was
factually insufficient to support the sentence imposed is, for jurisdiction purposes, appropriate.