COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-06-349-CR

 

 

 

JEFFERY LEON HOLT                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

------------

 

FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

------------

 

MEMORANDUM
OPINION[1]

 

------------

 

I.
Introduction








Jeffery Leon Holt appeals the
trial court=s order
sentencing him to fifty years= confinement for the crime of aggravated sexual assault of a child
under the age of fourteen.  In two
points, Holt argues that the sentence is excessive given the evidence presented
at the punishment phase and that the trial court abused its discretion by hearing
evidence related to an unadjudicated juvenile offense.  Because we hold that Holt=s sentence is within the statutory range and he did not properly
preserve his objection to the admission of evidence regarding the unadjudicated
juvenile offense, we will affirm.

II.
Background

Jeffery Leon Holt pleaded
guilty to two counts of aggravated sexual assault of a child under the age of
fourteen.[2]  He did not secure a plea agreement; instead,
he entered an open plea of guilty.  The
trial court accepted Holt=s plea and
proceeded to the punishment phase of his trial. 

At punishment, the trial
court viewed a video depicting Holt committing the crime and heard testimony
from Holt=s father,
Holt=s brother, Holt=s roommate,
and Dr. William Kantz, a sex offender treatment provider.  Although the witnesses testified that they
believed treatment was in Holt=s best interest, both Holt=s father and Dr. Kantz acknowledged that Holt should not be set
free.  Holt=s father testified that Holt should be Alocked up in a facility where he can get the help he needs@ and that he Aby no means@ wanted Holt to Awalk out of
here.@  Similarly, Dr. Kantz
recognized that Holt Ashould never
be in the vicinity of children.@  








As a result of the evidence
presented during the punishment phase, the trial court sentenced Holt to fifty
years= confinement on each count with the sentences to run
concurrently.  The trial court
acknowledged Holt=s right of
appeal, and Holt filed this appeal.

III.
Sufficiency of the Evidence

Holt first argues that the
evidence presented at the punishment phase was insufficient to warrant the
sentence imposed by the trial court.  
Specifically, Holt suggests that mitigating evidence and the testimony
of Holt=s punishment-phase witnesses support his contention that the trial
court imposed an excessive sentence.[3]








However, the general rule is
that as long as a sentence is within the statutory range, it will not be
disturbed on appeal.  Jackson v. State,
680 S.W.2d 809, 814 (Tex. Crim. App. 1984); Darden v. State, 430 S.W. 2d
494, 496 (Tex. Crim. App. 1968); see also Moore v. State, 54 S.W.3d 529,
542-43 (Tex. App.CFort Worth
2001, pet. ref=d).  The range of punishment for aggravated sexual
assault of a child under fourteen years of age is life or five to ninety-nine
years imprisonment and a possible fine not to exceed $10,000.  Tex.
Pen. Code Ann. '' 12.32,
22.011(e) (Vernon 2005).  Holt=s 50 year sentence is clearly within the permissible range; thus, that
sentence will not be disturbed.  See
Kanouse v. State, 958 S.W.2d 509, 510 (Tex. App.CBeaumont 1998, no pet.) (per curium) (holding that a sentence within
the permissible statutory range of punishment would not be disturbed on appeal).  We therefore overrule Holt=s first point.

IV.
Admission of Evidence of Juvenile Offense

Holt next contends that the
trial court erred by admitting evidence of an unadjudicated juvenile offense
during the punishment phase. 
Specifically, Holt argues that the trial court abused its discretion by
allowing the State to question a witness regarding an offense that had not yet
been proven beyond a reasonable doubt. 








To preserve error, a party must continue to object each
time the objectionable evidence is offered. 
Fuentes v. State, 991 S.W.2d 267, 273 (Tex. Crim. App.), cert.
denied, 528 U.S. 1026 (1999); Ethington v. State, 819 S.W.2d 854,
858-59 (Tex. Crim. App. 1991).  A trial
court=s erroneous
admission of evidence will not require reversal when other such evidence  was received without objection, either before
or after the complained-of ruling.  Leday
v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); Johnson v.
State, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), cert. denied, 501
U.S. 1259 (1991), overruled on other grounds by Heitman v. State, 815
S.W.2d 681 (Tex. Crim. App. 1991).  

At punishment, Holt objected
to the State=s first
question to Dr. Kantz regarding a sexual assault that Holt allegedly committed
while he was a juvenile.  The trial court
permitted Dr. Kantz to answer the question and informed the parties that it
would disregard any response that it found to be untrue.  Dr. Kantz testified that he did not know of
any other sexual assaults by Holt.  In
the two questions immediately following the objected to question, the State
asked Dr. Kantz about the previous assault victim=s outcry statement and again asked whether Holt had admitted to the
prior assault.  Holt failed to object to
either question.  Because Holt did not
object to subsequent questions regarding the prior unadjudicated sexual
assault, the admissibility issue that Holt raises here is not properly
preserved for our review. See Fuentes, 991 S.W.2d at 273.  We overrule Holt=s second point.

V.  Modification of Judgment








This court has the authority
to correct and modify the trial court=s judgment in order to make the record speak the truth.  See Tex.
R. App. P. 43.2  (b); Asberry
v. State, 813 S.W.2d 526, 529 (Tex. App.CDallas 1991, pet. ref=d).  An appellate court
may act sua sponte to modify incorrect judgments.  See Asberry, 813 S.W. 2d at
529-30.  Such authority is not dependent
upon a party=s request or
whether a party did or did not object in the trial court.  See Tyler v. State, 137 S.W.3d 261,
267-68 (Tex. App.CHouston [1st
Dist.] 2004, no pet.); Asberry, 813 S.W.2d at 529-30.

The trial court=s judgment erroneously reflects that Holt pleaded guilty to four
counts of aggravated sexual assault of a child under the age of fourteen.  Although the indictment charged four counts
of aggravated sexual assault of a child under the age of fourteen, the State
proceeded on only two counts and Holt pleaded guilty to only two counts.  The trial court=s judgment nonetheless indicates that Holt pleaded guilty to all four
counts and indicates that he is sentenced to fifty years= confinement on each count with the sentences to run
concurrently.  

In light of the evidence
available to this court and the authority vested in it, we modify the judgment
to speak the truth.  See Asberry,
813 S.W.2d at 530.  We modify the
judgment to reflect that Holt pleaded guilty only to two counts: counts one and
two.  Therefore, we modify the judgment
to reflect that the trial court sentenced Holt to fifty years on counts one and
two, and that the sentences on counts one and two are to be served concurrently
with each other.

 








VI.  Conclusion

Having overruled Holt=s two points, we modify the trial court=s judgment on our own motion.  See
Tex. R. App. P. 43.2(b).  The judgment is modified to reflect that Holt
pleaded guilty to counts one and two as described in the indictment, and that
he is sentenced to fifty years= confinement on each of the two counts in that these sentences run
concurrently.

 

PER
CURIAM

 

PANEL F:  WALKER, J.; CAYCE,
C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
47.2(b)

DELIVERED: May 10, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]The
indictment charged Holt with four counts.





[3]As
part of his sufficiency of the evidence claim, Holt also contends that his due
process rights under the Texas Constitution were violated by the trial court=s
refusal to consider the entire range of punishment for the offense Holt pleaded
guilty to.  See Tex. Const. art. 1 '
19.  However, as discussed in our
analysis of Holt=s
first point, the trial court set Holt=s punishment within the
permissible range and is therefore not in error.