COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-349-CR

JEFFERY LEON HOLT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Jeffery Leon Holt appeals the trial court’s order sentencing him to fifty years’ confinement for the crime of aggravated sexual assault of a child under the age of fourteen.  In two points, Holt argues that the sentence is excessive given the evidence presented at the punishment phase and that the trial court abused its discretion by hearing evidence related to an unadjudicated juvenile offense.  Because we hold that Holt’s sentence is within the statutory range and he did not properly preserve his objection to the admission of evidence regarding the unadjudicated juvenile offense, we will affirm.

II. Background

Jeffery Leon Holt pleaded guilty to two counts of aggravated sexual assault of a child under the age of fourteen.
(footnote: 2)  He did not secure a plea agreement; instead, he entered an open plea of guilty.  The trial court accepted Holt’s plea and proceeded to the punishment phase of his trial. 

At punishment, the trial court viewed a video depicting Holt committing the crime and heard testimony from Holt’s father, Holt’s brother, Holt’s roommate, and Dr. William Kantz, a sex offender treatment provider.  Although the witnesses testified that they believed treatment was in Holt’s best interest, both Holt’s father and Dr. Kantz acknowledged that Holt should not be set free.  Holt’s father testified that Holt should be “locked up in a facility where he can get the help he needs” and that he “by no means” wanted Holt to “walk out of here.”  Similarly, Dr. Kantz recognized that Holt “should never be in the vicinity of children.”  

As a result of the evidence presented during the punishment phase, the trial court sentenced Holt to fifty years’ confinement on each count with the sentences to run concurrently.  The trial court acknowledged Holt’s right of appeal, and Holt filed this appeal.

III. Sufficiency of the Evidence

Holt first argues that the evidence presented at the punishment phase was insufficient to warrant the sentence imposed by the trial court.   Specifically, Holt suggests that mitigating evidence and the testimony of Holt’s punishment-phase witnesses support his contention that the trial court imposed an excessive sentence.
(footnote: 3)
 However, the general rule is that as long as a sentence is within the statutory range, it will not be disturbed on appeal.  
Jackson v. State
, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); 
Darden v. State, 
430 S.W. 2d 494, 496 (Tex. Crim. App. 1968);
 see also Moore v. State
, 54 S.W.3d 529, 542-43 (Tex. App.—Fort Worth 2001, pet. ref’d).  The range of punishment for aggravated sexual assault of a child under fourteen years of age is life or five to ninety-nine years imprisonment and a possible fine not to exceed $10,000.  
Tex. Pen. Code Ann
. §§ 12.32, 22.011(e) (Vernon 2005).  Holt’s 50 year sentence is clearly within the permissible range; thus, that sentence will not be disturbed.  
See Kanouse v. State
, 958 S.W.2d 509, 510 (Tex. App.—Beaumont 1998, no pet.) (per curium) (holding that a sentence within the permissible statutory range of punishment would not be disturbed on appeal).  We therefore overrule Holt’s first point.

IV. Admission of Evidence of Juvenile Offense

Holt next contends that the trial court erred by admitting evidence of an unadjudicated juvenile offense during the punishment phase.  Specifically, Holt argues that the trial court abused its discretion by allowing the State to question a witness regarding an offense that had not yet been proven beyond a reasonable doubt. 

To preserve error, a party must continue to object each time the objectionable evidence is offered.  
Fuentes v. State
, 991 S.W.2d 267, 273 (Tex. Crim. App.), 
cert. denied,
 528 U.S. 1026 (1999); 
Ethington v. State
, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).  A trial court’s erroneous admission of evidence will not require reversal when other such evidence  was received without objection, either before or after the complained-of ruling.  
Leday v. State
, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); 
Johnson
 
v. State
, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1259 (1991),
 overruled on other grounds by Heitman v. State
, 815 S.W.2d 681 (Tex. Crim. App. 1991).  

At punishment, Holt objected to the State’s first question to Dr. Kantz regarding a sexual assault that Holt allegedly committed while he was a juvenile.  The trial court permitted Dr. Kantz to answer the question and informed the parties that it would disregard any response that it found to be untrue.  Dr. Kantz testified that he did not know of any other sexual assaults by Holt.  In the two questions immediately following the objected to question, the State asked Dr. Kantz about the previous assault victim’s outcry statement and again asked whether Holt had admitted to the prior assault.  Holt failed to object to either question.  Because Holt did not object to subsequent questions regarding the prior unadjudicated sexual assault, the admissibility issue that Holt raises here is not properly preserved for our review. 
See Fuentes
, 991 S.W.2d at 273.  We overrule Holt’s second point.

V.  Modification of Judgment

This court has the authority to correct and modify the trial court’s judgment in order to make the record speak the truth.  
See 
Tex. R. App. P. 43.2  
(b);
 Asberry v. State
, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref’d).
 
 An appellate court may act sua sponte to modify incorrect judgments.  
See Asberry, 
813 S.W. 2d at 529-30.  Such authority is not dependent upon a party’s request or whether a party did or did not object in the trial court.  
See Tyler v. State
, 137 S.W.3d 261, 267-68 (Tex. App.—Houston [1st Dist.] 2004, no pet.);
 Asberry
, 813 S.W.2d at 529-30.

The trial court’s judgment erroneously reflects that Holt pleaded guilty to four counts of aggravated sexual assault of a child under the age of fourteen.  Although the indictment charged four counts of aggravated sexual assault of a child under the age of fourteen, the State proceeded on only two counts and Holt pleaded guilty to only two counts.  The trial court’s judgment nonetheless indicates that Holt pleaded guilty to all four counts and indicates that he is sentenced to fifty years’ confinement on each count with the sentences to run concurrently.  

In light of the evidence available to this court and the authority vested in it, we modify the judgment to speak the truth.  
See Asberry
, 813 S.W.2d at 530. 
 We modify the judgment to reflect that Holt pleaded guilty only to two counts: counts one and two.  Therefore, we modify the judgment to reflect that the trial court sentenced Holt to fifty years on counts one and two, and that the sentences on counts one and two are to be served concurrently with each other.

VI.  Conclusion

Having overruled Holt’s two points, we modify the trial court’s judgment on our own motion.  
See
 
Tex. R. App. P.
 43.2(b).  The judgment is modified to reflect that Holt pleaded guilty to counts one and two as described in the indictment, and that he is sentenced to fifty years’ confinement on each of the two counts in that these sentences run concurrently.

PER CURIAM

PANEL F:  WALKER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 10, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The indictment charged Holt with four counts.

3:
As part of his sufficiency of the evidence claim, Holt also contends that his due process rights under the Texas Constitution were violated by the trial court’s refusal to consider the entire range of punishment for the offense Holt pleaded guilty to.  
See 
Tex. Const
. art. 1 § 19.  However, as discussed in our analysis of Holt’s first point, the trial court set Holt’s punishment within the permissible range and is therefore not in error.