# NO. 12-07-00060-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CORREY VANESSA HURST,* *APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Correy Vanessa Hurst pleaded guilty to charges of manslaughter and endangering a child and was sentenced to imprisonment for seven years, probated for seven years, and two years respectively. Appellant raises five issues on appeal. We affirm.

### BACKGROUND

Appellant was driving her pickup truck on Shawnee River Bottom Road, a dirt road in southern Nacogdoches County, for a picnic on the river with her two children and some of their friends. Appellant's six year old son, Mason, and Kristin Holliman, a thirteen year old friend of Appellant's daughter, were riding in the truck with Appellant. When Appellant stopped the truck, Kristin asked Appellant to allow her to ride on the truck's ranch hand bumper.[1] Appellant testified that she allowed Kristin to ride on the bumper as she drove the truck at about five miles per hour. Appellant became distracted when Mason told her that one of the dogs riding in the truck's bed had jumped out. When Appellant looked back toward the road, she could no longer see Kristin.

Department of Public Safety Trooper Larry Linder, who responded to Appellant's 9-1-1 call,

---

[1] A ranch hand bumper is a bumper that extends in a rectangle shape around the headlights and grill of a pickup and protrudes slightly above the hood. In this case, the ranch hand bumper was on the front of the truck.

testified that it appeared that when Appellant could no longer see Kristin, she abruptly steered the truck into the ditch and stopped. He testified that it was at this point that Kristin apparently let go of the bumper and fell into the ditch. Appellant then attempted to drive the truck out of the ditch. Linder testified that when Appellant drove forward, she realized she had hit something, but that instead of stopping and investigating, she persisted to drive out of the ditch. Linder stated that as Appellant drove forward, she spun the truck's tires, causing severe injuries to Kristin's head and face. Kristin later died at the hospital from the injuries she sustained.

Appellant was charged by indictment with manslaughter and endangering a child. Appellant pleaded "guilty" to each of the charges. The matter proceeded to a trial on punishment. A jury ultimately assessed Appellant's punishment at imprisonment for seven years, probated for seven years, for her manslaughter conviction and imprisonment for two years for her endangerment of a child conviction. This appeal followed.

## DOUBLE JEOPARDY

In her first issue, Appellant contends that because she was convicted of the greater offense of manslaughter, her conviction for endangering a child amounts to double jeopardy. The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense. U.S. CONST. amend. V. This clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Ex parte Watkins*, 73 S.W.3d 264, 267 n.5 (Tex. Crim. App. 2002). Here, Appellant argues that she received multiple punishments for the same offense because endangering a child is a lesser included offense of manslaughter.

To determine whether both charged offenses are the same, we must examine the elements of the applicable statutes to determine whether each statute "requires proof of an additional fact which the other does not." *Blockburger v. U.S.*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932); *Parrish v. State*, 869 S.W.2d 352, 353–55 (Tex. Crim. App. 1994). A person commits manslaughter if she recklessly causes the death of an individual. *See* TEX. PENAL CODE ANN. § 19.04 (Vernon 2003). A person commits the offense of endangering a child if she intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in

2

conduct that places a child younger than fifteen years in imminent danger of death, bodily injury, or physical or mental impairment. *See* TEX. PENAL CODE ANN. § 22.041(c) (Vernon Supp. 2007).

The indictments against Appellant in the case at hand tracked the language of the aforementioned statutes. Appellant's indictment for manslaughter stated that Appellant "did then and there recklessly cause the death of Kristin Holliman by failing to keep a proper lookout while allowing the complainant to ride on the front of a moving motor vehicle being driven by the defendant." On the other hand, Appellant's indictment for endangering a child alleged that Appellant "did then and there intentionally, knowingly, and recklessly engage in conduct that placed Kristin Holliman, a child younger than fifteen years of age and hereafter called the complainant, in imminent danger of serious bodily harm and death, namely by driving a motor vehicle with the complainant sitting on the front bumper."

Appellant contends that the operative element in each indictment is the allegation that she acted recklessly. Appellant further contends that the elements of the offense of endangering a child fit within the elements for the offense of manslaughter. Moreover, Appellant argues that both convictions relied upon the same evidence. We disagree.

In reviewing the two indictments in this case, it is apparent that the indictment for endangerment of a child does not contain the allegation that Appellant "caused the death of Kristin Holliman" as does the manslaughter indictment. *See, e.g., **In re L.M.**,* 993 S.W.2d 276, 283 (Tex. App.–Austin 1999, pet. denied ) (criminally negligent homicide does not contain the same elements as injury to a child). Moreover, endangering a child is not a lesser included offense of manslaughter because manslaughter does not require proof of the victim's age. *See **id.*** Therefore, we hold that Appellant's conviction for injury to a child is not barred by double jeopardy. Appellant's first issue is overruled.

## HEARSAY STATEMENT

In her second issue, Appellant contends that the State improperly elicited through her a hearsay statement made by her son, Mason, during her trial on punishment. Specifically, Appellant contends that Mason's statement, "we didn't mean to kill Krissi," amounted to impermissible hearsay.

We review the trial court's admission or exclusion of testimony under an abuse of discretion standard. *Delapaz v. State*, 228 S.W.3d 183, 206 (Tex. App.–Dallas 2007, pet. ref'd). We will uphold the trial court's decision unless it lies outside the "zone of reasonable disagreement." *Id.*; *see Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). Under an abuse of discretion review, we will uphold the trial court's ruling on the admission or exclusion of evidence if the ruling was proper under any legal theory or basis applicable to the case. *See Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002).

A statement is not hearsay if it is not offered to prove the facts asserted. *Bell v. State*, 877 S.W.2d 21, 24 (Tex. App.–Dallas 1994, pet. ref'd). "An extrajudicial statement or writing which is offered for the purpose of showing *what* was said rather than for the *truth* of the matter stated therein does not constitute hearsay." *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). "An extra-judicial statement or writing may be admitted as circumstantial evidence from which an inference may be drawn, and not for the truth of the matter stated, therein, without violating the hearsay rule." *Id.* (quoting *Gholson v. State*, 542 S.W.2d 395, 398 (Tex. Crim. App. 1992)). In *Dinkins*, the court held an appointment book found at the crime scene was not inadmissible hearsay because the State offered the appointment book not to prove the truth of the matter asserted, but to show the court how the appellant became a suspect. *See Dinkins*, 894 S.W.2d at 347.

In the case at hand, the State did not offer the statement to assert that Appellant and her son did not intend to kill Holliman. Instead, the statement was offered to show that Appellant had sought to cast part of the blame for Holliman's death on her young son and, thus, had not accepted full responsibility for her actions. Therefore, the statement was not hearsay, and we hold that the court did not err in admitting Mason's statement.

While such evidence is permissible, there remain boundaries. *See Dillon v. State*, No. 12-06-00135-CR, 2007 WL 4216253, at *10 (Tex. App.–Tyler Nov. 30, 2007, pet. ref'd) (mem. op., not designated for publication). As Appellant notes in her brief, the out of court statements must have relevance other than to prove the contents of the statements. *See Delapaz v. State*, 228 S.W.3d 183, 211 (Tex. App.–Dallas 2007, pet. ref'd). Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. TEX. R. EVID. 401. Relevant evidence is generally

admissible. *See* TEX. R. EVID. 402. In noncapital felony cases, the general rule is that the State may present evidence as to any matter the trial court, in the legitimate use of its discretion, may deem relevant to sentencing. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (Vernon Supp. 2007); *Moreno v. State*, 38 S.W.3d 774, 777 (Tex. App.–Houston [14th Dist.] 2001, no pet.).

Here, Mason's statement was admitted during Appellant's trial on punishment. The issue before the jury was what sentence should be assessed. *See Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005). Evidence is relevant to the assessment of punishment if it provides information about the defendant's life and characteristics. *Minor v. State*, 91 S.W.3d 824, 830 (Tex. App.–Fort Worth 2002, pet. ref'd). Whether Appellant had, in fact, accepted responsibility for her actions was a factor that the jury was entitled to consider in assessing her punishment. Therefore, we conclude that Mason's statement was relevant to the issue of Appellant's punishment. Appellant's second issue is overruled.

### INFLAMMATORY TESTIMONY

In her third issue, Appellant contends that the trial court abused its discretion in admitting the testimony of Kristin Holliman's mother, Shannon Wortham. Wortham testified that when she arrived at the hospital, several people tried to place her in a room in the hospital where she had been when her husband died five years before. Appellant objected to this portion of Wortham's testimony pursuant to Texas Rule of Evidence 403.

Although evidence may be relevant, a trial court may properly exclude it if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* TEX. R. EVID. 403. In evaluating the trial court's determination under Rule 403, a reviewing court will reverse the trial court's judgment only after a clear abuse of discretion is shown because the trial court is in a superior position to gauge the impact of the relevant evidence. *See Martin v. State*, 176 S.W.2d 887, 895 (Tex. App.–Fort Worth 2005, no pet.) (citing *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999)). We will declare that the trial court erred by failing to exclude the evidence if, upon objective review of the relevant criteria, we conclude that the danger of unfair prejudice substantially outweighs its probative value. *See Martin*, 176 S.W.3d at 895 (citing *Montgomery v. State*, 810 S.W.3d 372, 392 (Tex. Crim. App. 1991) (op. on reh'g)). As long as the trial court's ruling is within the zone of reasonable disagreement, we will not disturb

it. *Id.* at 391.

In the case at hand, Wortham testified, in pertinent part, as follows:

Q.      When you got to the hospital, what happened then?

A.      I was screaming for my child and they wouldn't let me see her.

Q.      Did they try to get you to go to a certain place?

A.      Yes ma'am.

MR. HEATH:      Objection, 403. We may need to be heard on this.

THE COURT:      Y'all approach the Bench please.

(At the Bench, off the record.)

THE COURT:      Overruled. You may proceed, Ms. Stephens.

Q.      (By Ms. Stephens) When you got there to the hospital, did you see people that you knew?

A.      Yes ma'am.

Q.      And were there other people you didn't know?

A.      Oh, yes, ma'am.

Q.      What were you trying to do?

A.      See my baby.

Q.      Now, would they let you see Krissi right then?

A.      No, ma'am.

Q.      What did they try to get you to do?

A.      Go in the room that they put me in when my husband was killed.

Q.      When they tried to get you to go in this room, what was your reaction?

A.      I became hysterical. I couldn't go in that room.

Q.      Did you ever go in it?

A.      No ma'am.

Appellant first contends that Wortham's testimony inflamed the jury against her because she was one of the individuals trying to place Wortham in the room. Based on our review of Wortham's

testimony, we do not conclude that its probative value is great with regard to the issue of Appellant's punishment. Nonetheless, we disagree with Appellant's argument that such testimony unfairly prejudiced Appellant in the jury's assessment of her sentence. Wortham did not testify that Appellant was among the people she vaguely described as "they," who tried to put her in the room where she learned her husband died five years before. In her brief, Appellant notes that Wortham pointed at Appellant when she referred to "they." However, there is no indication in the record of any physical actions accompanying Wortham's description to support Appellant's assertion. Rather, the logical conclusion from Wortham's testimony is that several persons, some of whom she knew and some of whom she did not know, acting in concert, attempted to have her wait in a room. From the state of the record, we cannot conclude that the jury surmised that Appellant had anything to do with such actions. Thus, we conclude that the probative value of such testimony was not substantially outweighed by the danger of unfair prejudice.

Appellant further contends that there is no indication of record that the trial court conducted a balancing test pursuant to Rule 403. Indeed, while the record reflects that a bench conference was held following Appellant's objection, there is no record that the trial court expressly conveyed its analysis under Rule 403. However, a trial judge is not required to sua sponte place on the record any findings he makes or conclusions he draws when engaging in a Rule 403 balancing test. *See Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997). Rather, a judge is presumed to have engaged in the required balancing test once Rule 403 is invoked. *Id.* A silent record with regard to the trial court's conduct of the requisite analysis on this issue does not imply that such analysis was not undertaken. *Id.* at 195–96. Given this presumption, and absent any evidence of record to rebut the presumption, we conclude that the trial court properly conducted the requisite Rule 403 balancing test. Appellant's third issue is overruled.

## CRUEL AND UNUSUAL PUNISHMENT

In her fourth issue, Appellant contends that the two year sentence imposed on her for endangering a child is so disproportionate to the crime for which she was convicted that her sentence violated the cruel and unusual punishment clause of the United States Constitution. *See* U.S. CONST. amend. VIII. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, waived the issue on appeal. *See Willis v. State*,

192 S.W.3d 585, 595–97 (Tex. App.–Tyler 2006, pet. ref'd); *see also* TEX. R. APP. P. 33.1.

Even absent waiver, we conclude that Appellant's sentence did not constitute cruel and unusual punishment. Appellant was convicted of endangering a child. *See* TEX. PENAL CODE ANN. § 22.041(c). The punishment range for such an offense is between 180 days and two years. *See* TEX. PENAL CODE ANN. §§ 22.041(f), 12.35(a) (Vernon Supp. 2007). Here, the sentence imposed by the trial court falls within the range set forth by the legislature. ***Id.*** Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See **Harris v. State***, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); ***Jordan v. State***, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); ***Davis v. State***, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd).

Nonetheless, we have considered the threshold question of whether Appellant's sentence is grossly disproportionate to the crime. *See, e.g., **McGruder v. Puckett***, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also **Jackson v. State***, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.); *see also **Harmelin v. Michigan***, 501 U.S. 957, 1005, 111 S. Ct. 2680, 2707, 115 L. Ed. 2d 836 (1991); ***Solem v. Helm***, 463 U.S. 277, 298–300, 103 S. Ct. 3001, 3013–15, 77 L. Ed. 2d 637 (1983). In reaching this conclusion, we are guided by the holding in ***Rummel v. Estelle***, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), in which the Supreme Court upheld the appellant's mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. ***Id.***, 445 U.S. at 266, 100 S. Ct. at 1135. Since here the offense committed by Appellant—endangering a child—is far more serious than any of the offenses committed by the appellant in ***Rummel***, and Appellant's two year sentence is far less severe than the life sentence upheld by the Supreme Court in ***Rummel***, it follows that if the sentence in ***Rummel*** was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the ***Solem*** test.[2] Appellant's fourth issue is overruled.

### LEGAL AND FACTUAL SUFFICIENCY

---

[2] Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. ***Solem***, 463 U.S. at 292, 103 S. Ct. at 3011.

In her fifth issue, Appellant contends that the evidence was legally and factually insufficient to support her two year sentence for endangering a child. The general rule is that as long as a sentence is within the statutory range, it will not be disturbed on appeal. *See **Gerhardt v. State***, 935 S.W.2d 192, 196 (Tex. App.–Beaumont 1996, no pet.) (citing ***Jackson v. State***, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). As set forth above, Appellant's sentence for her endangering a child conviction falls within the permissible statutory range. As such, we hold that the evidence is legally sufficient to support Appellant's sentence.

Furthermore, a review of the evidence for factual insufficiency is inappropriate with respect to the assessment of the punishment. *See **Bradfield v. State***, 42 S.W.3d 350, 351 (Tex. App.–Eastland 2001, pet. ref'd); ***Kanouse v. State***, 958 S.W.2d 509, 510 (Tex. App.–Beaumont 1998, no pet.); ***Flores v. State***, 936 S.W.2d 478, 479 (Tex. App.–Eastland 1996, pet. ref'd). Therefore, we decline to conduct a factual sufficiency review of the evidence with regard to the assessment of Appellant's punishment. Appellant's fifth issue is overruled.

## DISPOSITION

Having overruled Appellant's five issues, we ***affirm*** the trial court's judgment.

           **JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 23, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

9