ACCEPTED
03-14-00789-CR
4864180
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/13/2015 2:02:40 PM
JEFFREY D. KYLE
CLERK

# IN THE THIRD COURT OF APPEALS
# AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/13/2015 2:02:40 PM
JEFFREY D. KYLE
Clerk

| | | |
|---|---|---|
| **GEORGE HENRY WALKER,** | § | **CAUSE NO. 03-14-00789-CR** |
| **Appellant** | § | **TRIAL COURT NO. B 13-0883-SB** |
| | § | |
| | § | **CAUSE NO. 03-14-00790-CR** |
| **V.** | § | **TRIAL COURT NO. B 14-0650-SA** |
| | § | |
| **THE STATE OF TEXAS,** | § | **CAUSE NO. 03-14-00791-CR** |
| **Appellee** | § | **TRIAL COURT NO. B 14-0994-SB** |

## BRIEF OF APPELLANT

**Appealed from the 119th Judicial District Court, Tom Green County
Texas
Hon. Ben Woodward, presiding**

**COPELAND LAW FIRM**
P.O. Box 399
Cedar Park, TX 78613
Phone: 512.897.8126
Fax: 512.215.8114
Email: ecopeland63@yahoo.com

Erika Copeland
State Bar No. 16075250
Attorney for Appellant

**APPELLANT HEREBY WAIVES ORAL ARGUMENT**

# TABLE OF CONTENTS

**Page**

**Table of Contents** *i,ii*

**Index of Authorities** *iii-iv*

**Identity of Parties and Counsel** 1

**Statement of Facts/Background** 3

**Summary of the Argument** 6

**Professional Evaluation of the Record** 6

**Conclusion** 16

**Notice to Client** 16

**Compliance with *Kelly v. State*** 17

**Prayer** 17

**Certificate of Service and Compliance with Rule 9** 18

# INDEX OF AUTHORITIES

**Authorities**                      **Page**

## United States Supreme Court cases

*Anders v. California*      **7,15**
     386 U.S. 738 (1967)

*McCoy v. Court of Appeals*      **15**
     486 U.S. 429, 108 S.C. 1895, 100 L.Ed.2d 4440 (1988)

*Padilla v. Kennedy*      7
     130 S. Ct. 1477 (U.S. 2010)

*Strickland v. Washington*      **10**
     466 U.S.  668, 104 S. Ct. 2052, 80 L.Ed.2d 674

## Texas Court of Criminal Appeals cases

*Ganious v. State*      **7**
     436 S.W.2d 137 (Tex. Crim. App. 1969)

*Hernandez  v. State*      **8**
     988  S.W.2d  770 (Tex.  Crim.  App. 1999)

*Jackson v. State*      **10**
     877 S.W.2d 768 (Tex. Crim. App. 1994)

*Jackson v.  State*      **11**
     973 S.W.2d 954 (Tex. Crim. App.    1998)

*Jackson v. State*      **15**
680 S.W.2d 809, 814 (Tex. Crim. App. 1984)

*Keller v. State*      **12**
125 S.W.3d 600 (Tex. App. – Houston [1st Dist.] 2003),
*pet. dism'd*, improvidently granted, 146 S.W.3d 677
(Tex. Crim. App. 2004) (*per curiam)*

## INDEX OF AUTHORITIES, continued

**Authorities**                                                                 **Page**

### Texas Court of Criminal Appeals cases, continued

*Kelly v. State*                                                                  **16**
    436 S.W.3d 313 (Tex. Crim. App. 2014)

*Menefee v. State*                                                               **13**
    287 S.W.3d 9, 13-14 (Tex. Crim. App. 2009)

*Nunez v. State*                                                                  **15**
    565 S.W.2d 536 (Tex. Crim. App. 1978)

*Stafford v. State*                                                              **15,16**
    813 S.W.2d 503 (Tex. Crim. App. 1991)

### Texas Court of Appeal cases

*Bradfield v. State*                                                             **15**
    42 S.W.3d 350 (Tex. App. – Texarkana 2001, *pet. ref'd*)

*Burruss v. State*                                                               **11**
    20 S.W.3d 179 (Tex. App. – Texarkana 2000, *pet. ref'd*)

*Coronado v. State*                                                              **15**
    996 S.W.2d 283 (Tex. App. – Waco 2000, *pet. ref'd*)

*Kanouse v. State*                                                               **15**
    958 S.W.2d 509 (Tex. App. – Beaumont 1996, *no pet.*)

*Keller v. State*                                                                **12,13**
    125 S.W.3d 600 (Tex. App. – Houston [1st Dist.] 2003)

# INDEX OF AUTHORITIES, continued

| Authorities | Page |
|---|---|

## Statutes

**TEX. CODE CRIM. PROC.  art. 1.15 (West 2014)** — **12,13**

**TEX. CODE CRIM. PROC. art. 21.02 (West 2014)** — **9**

**TEX. CODE CRIM. PROC. art.  26.13 (West 2014)** — **7,8**

**TEXAS PENAL CODE sections 38.04(b)(2)(A) and  38.10(f) (West 2014)** — **7**

**TEXAS HEALTH AND SAFETY CODE §481.115(c) (West 2014)** — **8**

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

| | | |
|---|---|---|
| **GEORGE HENRY WALKER,** | § | **CAUSE NO. 03-14-00789-CR** |
| **Appellant** | § | **TRIAL COURT NO. B 13-0883-SB** |
| | § | |
| | § | **CAUSE NO. 03-14-00790-CR** |
| **V.** | § | **TRIAL COURT NO. B 14-0650-SA** |
| | § | |
| **THE STATE OF TEXAS,** | § | **CAUSE NO. 03-14-00791-CR** |
| **Appellee** | § | **TRIAL COURT NO. B 14-0994-SB** |

---

## BRIEF OF APPELLANT

---

**TO THE HONORABLE COURT OF APPEALS:**

### IDENTITY OF PARTIES AND COUNSEL

**COMES NOW** George Henry Walker, appellant, who would show the Court that interested parties herein are as follows:

**GEORGE HENRY WALKER**, appellant, TDCJ No. 01967140, J. Middleton Transfer Facility, 13055 FM 33522, Abilene, Texas 79601.

**JOHN SUTTON**, trial attorney for appellant, P.O. Box 871, San Angelo, Texas 76902.

**ERIKA COPELAND**, appellate attorney for appellant, P.O. Box 399, Cedar Park, Texas 78613.

Cause Nos. 03-14-00789-CR, 03-14-00790-CR, 03-14-00791-CR
*George Henry Walker v. The State of Texas*
Brief of Appellant      1

**BRYAN CLAYTON** and **GEORGE MCCREA**, Tom Green County Assistant District Attorney and District Attorney, trial and appellate attorneys, respectively, for appellee, the State of Texas, Court Street Annex, 124 W. Beauregard, San Angelo, Texas 76903.

# STATEMENT OF FACTS/BACKGROUND

*Offenses Alleged*

On November 3, 2014, George Henry Walker appeared before the trial court for a consolidated plea hearing for the three offenses the subject of this brief:

- CA No. 03-14-00789-CR (Trial No. B 13-0883-SB) - evading arrest/detention with vehicle, a third degree felony enhanced;

- CA No. 03-14-00790-CR (Trial No. B-14-0650-SA - failure to appear, a third degree felony enhanced; and

- CA No. 03-14-00791-CR (Trial No. B 14-0994-SB) – possession of cocaine, more than one but less than four grams, a third degree felony enhanced.

Walker entered open pleas of "guilty" to all three offenses. (R.R. 2, p. 10). He also pleaded "true" to two enhancement paragraphs alleged in each indictment. (R.R. 2, pp. 10-11). The trial court accepted his various pleas on each case and moved to hear punishment evidence.

*Testimony*

Deanna Garcia, the state's fingerprint expert, testified without objection. She proved up the fingerprints on pen pockets containing Walker's previous convictions, thus proving the enhancement provisions of Walker's indictments. (R.R. 2, pp. 22-23).

Kelly Reeves, a San Angelo police officer, testified that she was advised to be on the look-out for a wanted fugitive on August 13, 2013. She subsequently located the described car being driven by Walker in her patrol area. (R.R. 2, p. 26). When Walker failed to signal his intent to turn prior to stopping at a stop sign, she activated her overhead emergency lights to detain Walker, the driver. Instead of stopping, Walker attempted to elude, running at least six stop signs before he eventually bailed from the vehicle and ran away. (R.R. 2, pp. 28-29).

Craig Thomason, an officer with San Angelo's special operations section of the Police Department, testified that he eventually located Walker after he ran from Officer Reeves and arrested him. (R.R. 2, pp. 34-36).

Kelly Lajoie, a detective with the San Angelo Police Department, testified that he also responded to Officer Reeves' radio dispatches during her pursuit of Walker. After his eventual arrest, Walker told Lajoie that he ran from Reeves because he knew he had an outstanding arrest warrant. Walker also admitted to Lajoie that he possessed marijuana when he was finally caught. (R.R. 2, p. 39).

David Baker, Deputy City Marshall in San Angelo, testified that on September 14, 2014, he had searched for Walker pursuant to an outstanding fugitive warrant. Baker said that he ultimately located Walker at the home of Walker's aunt. When he arrested him, Walker was in possession of both marijuana

and crack cocaine. (R.R. 1, pp. 42-43). The cocaine possession resulted in one of the cases here under review.

George Walker testified that he had had a troubled childhood, that both his parents used illegal narcotics, and that he began using at a very young age. (R.R. 1, pp. 49-50). In fact, his testimony details his use of narcotics off and on until his most recent arrest. Walker described his participation in prison drug treatment programs in the past as largely ineffective in deterring his drug use when he was released from prison. (R.R. 1, pp. 53-54, 55-56). He specifically asked the trial court to "help [him] change" by deferring a finding of guilt in the charged offenses and requiring his attendance at a substance abuse punishment facility (SAFPF) as a condition of community supervision. (R.R. 2, p. 64). He testified that he wanted to see his children grow and to "be there" for his kids, that he needed the help offered by SAFPF to be a better, productive citizen. (R.R. 2, p. 65).

On cross-examination, the prosecution asked Walker about his prior convictions and current criminal charges including two assault/family violence convictions, one of which resulted in a two year prison term; a possession of cocaine charge arising from his arrest in September of 2014; his failure to appear to answer the charges resulting from that arrest; home burglaries in Brazos and Tom Green Counties, the latter of which had resulted in a stint in the penitentiary;

a theft which resulted in a State Jail conviction and a 540 day sentence in a State Jail facility; a county charge which had resulted in a 45 day jail sentence, and, finally, another evading conviction from 2005.

*Trial Court Findings and Punishment Assessed*

After hearing evidence and argument of counsel in a consolidated hearing, and after reviewing a pre-sentence investigative report, the trial court found Walker guilty as charged in all three cases. The trial court also found allegations of prior convictions for enhancement purposes to be true. In each case, the trial court assessed punishment at 45 years' confinement in the Institutional Division of the Texas Department of Criminal Justice with the sentences to be served concurrently. (R.R. 2, pp. 94-96). Walker gave due notice of appeal from those verdicts and sentences. (C.R. 1 [each case], pp. 43 [B 13-0883-SB], 34 [B 14-0650-SA], and 33 [B 14-0994-SB]), respectively.

## SUMMARY OF THE ARGUMENT

Appellate counsel concludes that the records examined contain no reversible error or arguable grounds for appeal in any of the referenced causes the subject of this brief.

## PROFESSIONAL EVALUATION OF THE RECORD

Counsel has reviewed the appellate records in these cases, which consist

of the various documents in the respective Clerk's Records and the transcript of Walker's consolidated plea and punishment hearings. As a matter of her professional judgment, Counsel reluctantly concludes that the record contains no reversible error. Neither are there any jurisdictional defects apparent in the records examined. In such a case, where Counsel concludes that there are no arguable grounds for reversal, she is required to present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced for appeal. *See Anders v. California*, 386 U.S. 738 (1967); *Ganious v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). That evaluation follows.

*Arguable Points of Error*

The Thirteenth Court of Appeals at San Antonio has provided an instructive list for consideration when complying with *Anders*. Accordingly, Counsel in this case has reviewed Mr. Walker's records for error centering on the following areas:

1. Whether his original indictments in all three cases were sufficient charging instruments.

2. Whether there were any adverse pretrial rulings, including but not limited to rulings on motions to suppress, motions to quash or the like.

3. Whether there was compliance with **Texas Code of Criminal Procedure 26.13** and, if appropriate, *Padilla v. Kennedy*, 130

S. Ct. 1477 (U.S. 2010) in all cases.

4.     Whether the issue of Walker's competency was raised prior to sentencing, so as to warrant an inquiry by the court, and whether appellant was mentally competent when the court accepted his pleas.

5.     Whether Walker's pleas were at all times freely and voluntarily made.

6.     Whether there were any adverse rulings during the punishment hearing on objections or motions.

7.     Whether there was any failure on the part of appellant's trial counsel to object to fundamental error.

8.     Whether the sentences imposed in all three cases were within the applicable ranges of punishment.

9.     Whether the written judgments for each case accurately reflect the sentences that were imposed and whether all credits were properly applied.

10.    Whether there is evidence to support Walker's guilty pleas.

11.    Whether Walker was denied effective assistance of counsel.

*Prior Proceedings*

*Indictments – all cases*

Walker's original indictments for the felony offenses of 1) evading arrest/detention, 2) failure to appear, 3) and possession of a controlled substance tracked the then applicable statutory provisions of **TEXAS PENAL CODE**

**sections 38.04(b)(2)(A) and 38.10(f) (West 2014) and TEXAS HEALTH AND SAFETY CODE §481.115(c) (West 2014)**, respectively. The indictments met the "requisites of an Indictment" provided in the **Code of Criminal Procedure's art. 21.02**, and thus constituted proper charging instruments. *See* **TEX. CODE CRIM. PROC. art. 21.02 (West 2014)**.

*Evidentiary Rulings/Fundamental Error*

There were no adverse rulings during the plea or punishment hearings, and no failure on the part of Walker's trial counsel to object to fundamental error.

*Plea Hearing – all cases*

*Original Compliance with **Texas Code of Criminal Procedure 26.13***

On November 3, 2014, Walker appeared with his trial attorney before the trial court in a consolidated plea hearing on the three offenses the subject of this brief. He entered an open plea of guilty to the trial court to each of the offenses in open court. (R.R. 1, pp. 10-11). He was properly admonished, and the trial court secured his waivers of jury trial both orally and in writing in all three cases. (R.R. 2, p. 9), and *see* in each case, C.R. 1, pp. 24, 10 and 15, respectively). The plea documents for each case included stipulations of evidence which were signed by Walker and/or his attorney and which appear proper in all regards. (*See* C.R. 1, each case, pp. 18, 21 and 15, respectively).

*Adverse Pre-Hearing Rulings – all cases*

There were no adverse pre-hearing rulings in any of the three cases under review.

*Trial Error/Ineffective Assistance of Counsel – all cases*

Appellate counsel found no evidence in the records examined which would support a claim of ineffectiveness of trial counsel.

***Strickland v. Washington****,* decided by the United States Supreme Court in 1984 established the standard by which to gauge the adequacy of representation of counsel and articulated a two-step analysis:

1. Did the attorney's performance fail to constitute "reasonably effective assistance," *i.e.*, did the defense attorney's representation fall below an objective standard of reasonableness under prevailing professional norms?

2. If so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings could have been different?

> *– see **Strickland**,* 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L.Ed.2d 674, 690.

(The test in ***Strickland*** is properly applied to the punishment phase of a non-capital case as well. *See **Hernandez v. State***, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999)).

In considering a claim of ineffective assistance of counsel, a reviewing court begins with a strong presumption that counsel was effective. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). A reviewing court presumes counsel's actions were motivated by sound trial strategy. *Id*. A complainant has the burden of rebutting that presumption by evidence *from the record* affirmatively supporting the claim. *See Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998). However, even if a complainant can prove such error occurred, he must then prove that *but for* the error, there is a reasonable probability the outcome of the proceeding would have been different. *See Burruss v. State*, 20 S.W.3d 179, 186 (Tex. App. – Texarkana 2000, *pet. ref'd*).

Here, evidence adduced at Walker's plea and sentencing hearings included his admission to the allegations in his indictments. Testimony in his punishment hearing indicated that he had had a number of brushes with the law that had resulted in a number of misdemeanor and felony convictions. In other words, the un-objected to punishment evidence showed that Walker had an extensive criminal history. In light of the testimony, even if examination of his plea or sentencing hearings revealed instances where his trial counsel possibly committed an error of some kind in his representation (which the record does

not support), it is highly unlikely that *but for* such error, there was a reasonable probability that the outcomes of Walker's hearings would have been different.

*Sufficiency of Evidence – all cases*

Here, Walker admitted his guilt in each offense as alleged. When he pleads guilty, a criminal defendant waives his right to challenge the sufficiency of the evidence. ***Keller v. State***, 125 S.W.3d 600, 605 (Tex. App. – Houston [1st Dist.] 2003), *pet. dism'd, improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004) (per curiam); *see also* ***Staggs v. State***, 314 S.W.3d 155, 159 (Tex. App. – Houston [1st Dist.] 2010, no pet.). In such cases, review is limited to determining whether the evidence supports the conviction under **article 1.15** of the **Texas Code of Criminal Procedure**. *See,* **TEX. CODE CRIM. PROC. art. 1.15 (West 2014)** (stating that State must "introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."); *Keller*, 125 S.W.3d at 605 (citing **TEX. CODE CRIM. PROC. art. 1.15 (West 2005**)).The state must offer sufficient proof to support any judgment based on a guilty plea in a felony case tried before a court.

*Keller*, 125 S.W.3d at 604 (citation omitted); *see also* ***Ex parte Williams***, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). "The State, however, is not required to prove the defendant's guilt beyond a reasonable doubt; the supporting evidence must simply embrace every essential element of the charged offense." *Staggs*, 314 S.W.3d at 159.

**Article 1.15 of the Texas Code of Criminal Procedure** requires the State to "introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." **TEX. CODE CRIM. PROC. art. 1.15**; *see* ***Menefee v. State***, 287 S.W.3d 9, 13-14 (Tex. Crim. App. 2009). The evidence supporting a guilty plea may take several forms. *Menefee*, 287 S.W.3d at 13. **Article 1.15** provides that the evidence may be stipulated if the defendant in such a case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. *See*, **TEX. CODE CRIM. PROC. art. 1.15 (West 2014)**. Here, there is sufficient

supporting evidence to uphold Walker's pleas of guilty. In each case, his plea documents included a judicial confession and stipulation of evidence.

*Competency – all cases*

There was no issue of competency raised prior to Walker's pleas or sentencing in any of the cases under review. Further, there is no evidence in his trial records to suggest that Walker was mentally incompetent to stand trial, and he presented no evidence suggestive of the defense of insanity. Walker's responses at his plea hearing and his testimony at his subsequent punishment hearing appear to be competent, understandable and coherent. In neither instance does he appear confused or unable to understand or answer questions posed to him by either the court or counsel. In short, his testimony does not suggest any evidence of incompetency.

*Sufficiency – Punishment—all cases*

The trial court assessed the following sentences upon conclusion of Walker's plea and punishment hearings:

For the felony offense of evading arrest/detention – 45 years.

For the felony offense of failure to appear – 45 years.

For the felony offense of possession of a controlled substance –

45 years.

A review of the evidence for sufficiency is inappropriate with respect to the assessment of punishment. *See*, ***Bradfield v. State***, 42 S.W.3d 350, 351 (Tex. App. – Texarkana 2001, *pet. ref'd*); ***Kanouse v. State***, 958 S.W.2d 509, 510 (Tex. App. – Beaumont 1996, *no pet.*)(*citing* ***Jackson v. State***, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). Here, the sentences ultimately assessed by the trial court were within the applicable punishment ranges for the subject offenses, and none of the sentences on their face appear "unreasonable" or "irrational" in light of the testimony adduced at Walker's punishment hearing. *See*, ***Nunez v. State***, 565 S.W.2d 536 (Tex. Crim. App. 1978). Thus, Walker cannot establish any error arising from the punishments assessed by the trial court in any of his three cases.

*Standard of Review – "Frivolous Appeals"—All Cases*

In an ***Anders*** case, a reviewing court must, "after a full examination of all proceedings, […] decide whether the case is wholly frivolous." ***Anders***, 386 U.S. at 744, 87 S. Ct. at 1400; accord ***Stafford v. State***, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); ***Coronado v. State***, 996 S.W.2d 283, 285 (Tex. App. – Waco 2000, *pet. ref'd*). An appeal is "wholly frivolous" or "without

merit" when it "lacks any basis in law or fact." ***McCoy v. Court of Appeals***, 486 U.S. 429, 439 n. 10, 108 S.C. 1895, 1902, 100 L.Ed.2d 4440 (1988). Arguments are frivolous if they "cannot conceivably persuade the court." ***Id***. at 426, 108 S. Ct. at 1901. An appeal is not frivolous if based on "arguable grounds." ***Stafford***, 813 S.W.2d at511.

## CONCLUSION

Here, appellate counsel cannot in good faith argue that there is a basis "in law or in fact" that an error occurred in any of Walker's three cases. For that reason, appellate counsel is required to move for leave to withdraw in each case to allow appellant the opportunity to submit his briefs in response to this brief should he choose to do so. *See*, ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991). Accompanying this brief then, attached as Appendix 1, is a copy of appellate counsel's motion to withdraw on those grounds in each case. An original of the motion has been separately filed with this Court in each case.

## NOTICE TO CLIENT

Counsel hereby affirms that she has notified **George Henry Walker,** appellant, of the filing of this brief in each of the referenced cases, of his right to file *pro se* response briefs should he choose to do so and of his right to examine his appellate records per the applicable **Texas Rules of Appellate**

**Procedure** to accomplish that goal. Notice of those rights and of Counsel's motion to withdraw in each case was provided to Mr. Walker by both certified mail, return receipt requested, and by first-class mail at his last known mailing address at the date of this filing, to-wit:

> George Henry Walker
> TDCJ No. 01967140
> J. Middleton Transfer Facility
> 13055 FM 3522
> Abilene, Texas 79601

## COMPLIANCE WITH *KELLY v. STATE*

Finally, Counsel also hereby affirms that she has provided to Mr. Walker motions for access to his appellate records as required by the dictates of *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) for each of the referenced cases. (*See* copy of same in Appendix 2).

## PRAYER

**WHEREFORE**, Counsel respectfully prays that this Court permit her to withdraw from each of these cases after this Court's own examination of the records and to afford Mr. Walker his right to file *pro se* response briefs if he wishes to do so.

> **COPELAND LAW FIRM**
> P.O. Box 399
> Cedar Park, TX 78613

Phone:  512.897.8126
Fax:  512.215.8114
Email:  ecopeland63@yahoo.com


By: /s/ Erika Copeland
     Erika Copeland
     State Bar No. 16075250
     Attorney for Appellant


## CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH RULE 9 and *KELLY v. STATE*


This is to certify that on April 13, 2015, a true and correct copy of the above and foregoing document was served on George McCrea, District Attorney, Court Street Annex, 124 W. Beauregard, San Angelo, Texas and on George Henry Walker, TDCJ No. 01967140, J. Middleton Transfer Facility, 13055 FM 3522, Abilene, Texas 79601, in accordance with the *Texas Rules of Appellate Procedure*, and that Appellant's brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 3397 words. Further, Counsel certifies that she has complied with the dictates of **Kelly v. State** insofar as providing motions for Mr. Walker to gain access to his appellate records if he so chooses.


/s/ Erika Copeland
    Erika Copeland

Cause Nos. 03-14-00789-CR, 03-14-00790-CR, 03-14-00791-CR
*George Henry Walker v. The State of Texas*
Brief of Appellant        18

**APPENDIX 1**

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

| | | |
|---|---|---|
| **GEORGE HENRY WALKER,** | § | **CAUSE NO. 03-14-00789-CR** |
| **Appellant** | § | **TRIAL COURT NO. B 13-0883-SB** |
| | § | |
| | | **CAUSE NO. 03-14-00790-CR** |
| **V.** | § | **TRIAL COURT NO. B 14-0650-SA** |
| | § | |
| **THE STATE OF TEXAS,** | § | **CAUSE NO. 03-14-00791-CR** |
| **Appellee** | § | **TRIAL COURT NO. B 14-0994-SB** |

## MOTION TO WITHDRAW

## TO THE HONORABLE JUDGES OF SAID COURT:

**NOW COMES** Erika Copeland, PO Box 399, Cedar Park, Texas 78613, appellate attorney for George Henry Walker, and respectfully moves this Honorable Court to allow said attorney to withdraw as attorney of record in this matter, terminating his representation of the above referenced appellant and for good cause would respectfully show this Honorable Court as follows:

## I.

Contemporaneous with the filing of this Motion to Withdraw, counsel has filed an *Anders* brief. Withdrawal of counsel is necessary to permit Mr. Walker to file a *pro se* response brief, if he so desires.

## II.

### Pending Deadlines

Appellant's brief is due May 11, 2015.

## III.

### Documents Filed and Prepared for Defendant

Counsel has prepared a docketing statement and Appellant's Brief in these causes, and has filed same with this Court. Counsel previously prepared Appellant's Notices of Appeal, Requests for Reporter's Record and  Designations of Clerk's Record.

## IV.

### Notice of Last Known Address of Defendant

Counsel has notified Appellant of the filing of this Motion to Withdraw  and of the filing of this brief by mailing a copy of this Motion to Appellant's last known mailing address by regular, first class mail and by certified mail, return receipt requested, and addressed as follows:

> George Henry Walker
> TDCJ No. 01967140
> J. Middleton Transfer Facility
> 13055 FM 3522
> Abilene, Texas 79601

## V.

**WHEREFORE**, Movant prays this Honorable Court to allow Movant to withdraw from the representation of appellant and would, in all things, relieve

Movant herein, discharging Movant from her obligations and responsibilities to this appellant in this matter.

Respectfully submitted,

**COPELAND LAW FIRM**
P.O. Box 399
Cedar Park, TX  78613
Pho:  512.897.8126
Fax:  512.215.8114
Email:  ecopeland63@yahoo.com

/s/ Erika Copeland
    Erika Copeland
    State Bar No. 04801500
    Attorney for Appellant

**CERTIFICATE OF SERVICE AND OF
COMPLIANCE WITH RULE 9**

This is to certify that on April 13, 2015, a true and correct copy of the above and foregoing document was served on George McCrea, District Attorney, Court Street Annex, 124 W. Beauregard, San Angelo, Texas and on George Henry Walker, TDCJ No. 01967140, J. Middleton Transfer Facility, 13055 FM 3522, Abilene, Texas 79601, in accordance with the *Texas Rules of Appellate Procedure*, and that Appellant's brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 451 words.

/s/ Erika Copeland
    Erika Copeland

**APPENDIX 2**

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

| | | |
|---|---|---|
| **GEORGE HENRY WALKER,** | § | **CAUSE NO. 03-14-00789-CR** |
| **Appellant** | § | **TRIAL COURT NO. B 13-0883-SB** |
| | § | |
| | | **CAUSE NO. 03-14-00790-CR** |
| **V.** | § | **TRIAL COURT NO. B 14-0650-SA** |
| | § | |
| **THE STATE OF TEXAS,** | § | **CAUSE NO. 03-14-00791-CR** |
| **Appellee** | § | **TRIAL COURT NO. B 14-0994-SB** |

## MOTION FOR ACCESS TO APPELLATE RECORD

**NOW COMES** George Henry Walker, TDCJ No. 01967140, Middleton Transfer Facility, 13055 FM 3522, Abilene, Texas 79601 and respectfully moves this Honorable Court to grant him access to the appellate record in the above-referenced causes in order to effectuate his right to file a response to the *Anders* briefs filed herein by Appellant's appellate counsel.

Respectfully submitted,

_____

George Henry Walker
TDCJ No. 01967140
J. Middleton Transfer
Facility
13055 FM 3522
Abilene, Texas 79601
Date:_____

## CERTIFICATE OF SERVICE AND OF
## COMPLIANCE WITH RULE 9

This is to certify that on April , 2015, a true and correct copy of the above and foregoing document was served on George McCrea, District Attorney, Court Street Annex, 124 W. Beauregard, San Angelo, Texas in accordance with the *Texas Rules of Appellate Procedure*, and that Appellant's moion is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 238 words.

_____
George Henry Walker
TDCJ No. 01967140
J. Middleton Transfer
Facility
13055 FM 3522
Abilene, Texas 79601


Date:_____